Kenneth C. CORNETT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13009.

United States Court of Appeals
Sixth Circuit.

June 11, 1957.

Rodes K. Myers, Bowling Green, Ky., for appellant.

J. Leonard Walker, Charles M. Allen, Harold M. Streets, U. S. Attys., Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and STARR, District Judge.

PER CURIAM.

In November, 1953, Kenneth C. Cornett, a member of the armed forces, was indicted by a Federal grand jury for the murder on lands of the United States known as Fort Knox, Kentucky, of Darrell E. Norris, also a member of the armed forces. The first count of the indictment charged Cornett with first-degree murder, and the second count charged him with second-degree murder under 18 U.S.C. § 1111.

Upon jury trial in April, 1954, in which Cornett was represented by his own employed counsel, he was convicted of murder in the first degree as charged in count 1 of the indictment, and the jury qualified its verdict by adding thereto, as provided in § 1111, "without capital punishment." He was sentenced to life imprisonment and did not appeal or file motion for a new trial.

In January, 1956, in pursuance of 28 U.S.C. § 2255, Cornett filed a motion in the district court to vacate and set aside the judgment of conviction and sentence and to grant a new trial, on the grounds of alleged error in the court's instructions to the jury, and on the further ground that the jury was not kept together during the trial and was not properly admonished regarding discussion of the case. This motion was denied in a full and carefully considered opinion by District Judge Shelbourne. In this appeal from the order denying his motion, Cornett raises substantially the same questions that were considered and determined adversely to him by the district court. This appeal came on to be heard upon the transcript of the record and the briefs of counsel, oral argument being waived.

We have examined the jury instructions given by Judge Shelbourne and are convinced that, considered in their entirety, they fully, adequately, and properly informed the jury of the questions of fact presented and the law applicable thereto. Furthermore, there is no showing that the jury was not kept together after they had been sworn. Other questions presented by Cornett's appeal do not merit consideration.

For the reasons stated in Judge Shelbourne's capable opinion, his order denying defendant Cornett's motion to vacate and set aside the judgment of conviction and sentence is affirmed.