**Clarence E. WATSON, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15544.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1960.

Decided May 12, 1960.

See also 101 U.S.App.D.C. 350, 249 F.2d 106.

Mr. Julius W. Robertson, Washington, D. C., with whom Mrs. Dovey J. Roundtree, Washington, D. C., was on the brief, for appellant. Mr. Bruce R. Harrison, Washington, D. C., also entered an appearance for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief.

Before PRETTYMAN, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial, without hearing, of a motion filed under 28 U.S.C. § 2255. The District Court found that the motion, files and records in the case conclusively showed that appellant was entitled to no relief, and the motion was thereupon denied.

The principal point raised on appeal, and that most stressed at the hearing, was that appellant was denied effective assistance of counsel in the respect following:

The record discloses that on March 23, 1954, after a trial lasting several days, appellant was convicted of the crimes of housebreaking, larceny and rape, and was duly sentenced. No appeal was taken. On June 8, 1959, over five years later, the motion under 28 U.S.C. § 2255 was filed. By affidavit accompanying the motion, the ineffective assistance of counsel was alleged. This alleged ineffective assistance of counsel is said to

lie in the fact that he advised appellant to take no appeal, apparently being satisfied with the verdict, which did not carry with it in the rape case (as it could have done) the death penalty.[1]

We think appellant was fully advised of his right to appeal and followed the suggestion of his counsel that he not exercise that right. The record discloses that appellant was adequately represented by able, experienced and conscientious counsel, and that appellant was fully apprised of his rights. He cannot be heard at this time to complain.

We have, because of the seriousness of the crimes and the consequent severity of the punishment, carefully examined the other grounds urged for reversal and, as well, the transcript of testimony relied on. We are satisfied in any event that the appellant, appearing here through his own retained counsel, has presented no issue that is not plainly frivolous. Accordingly, the appeal in this case is dismissed. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).

Dismissed as frivolous.