**Bernard H. FRAND, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6627.**

United States Court of Appeals
Tenth Circuit.

April 17, 1961.

Richard P. Cullen, Denver, Colo., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Topeka, Kan. (Newell George, U. S. Atty., for Dist. of Kan., Kansas City, Kan., and George E. Peabody, Asst. U. S. Atty., Wichita, Kan., were on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and KERR, District Judge.

BREITENSTEIN, Circuit Judge.

This appeal is from the denial of a motion to vacate sentence under 28 U.S.C. § 2255. Appellant Frand was convicted by a jury in the United States District Court for the District of Kansas on a charge of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and sentenced to a four-year term. The indictment was against Frand and one McCabe. The lower court appointed the same counsel to represent each and they were tried and convicted together. The only point deserving consideration is the assertion that Frand was not represented by competent counsel. The motion was denied without a hearing.

The problems presented by a § 2255 motion based on the absence of effective representation of an accused by competent counsel are well analyzed in Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, certiorari denied 358 U.S.

850, 79 S.Ct. 81, 3 L.Ed.2d 86, and need not be reviewed here. When motions on this ground have been denied without hearing in situations involving motions which raised a factual issue, we have reversed and ordered a hearing. Among such cases are Wheatley v. United States, 10 Cir., 198 F.2d 325; Mays v. United States, 10 Cir., 216 F.2d 186; and De-Loach v. United States, 10 Cir., 220 F.2d 441. When the objections are general statements expressing dissatisfaction with trial results, we have affirmed the denial of § 2255 motions without hearing in such cases as Moss v. Hunter, 10 Cir., 167 F.2d 683, certiorari denied 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, rehearing denied 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 390; Brink v. United States, 10 Cir., 202 F.2d 4, certiorari denied 345 U.S. 1001, 73 S.Ct. 1147, 97 L.Ed. 1406, rehearing denied 346 U.S. 918, 74 S.Ct. 276, 98 L.Ed. 413; and Barber v. United States, 10 Cir., 227 F.2d 431.

In the case at bar the self-prepared petition alleges in substance that the court-appointed attorney told the accused that this was his first case; that he had never been in court before; that nearly two months elapsed from the accused's request for counsel until the appearance of counsel at the jail to discuss the case; that the accused had only a 30-minute talk with counsel prior to trial; that the accused requested a separate trial and not a trial with his co-defendant; that no motion for severance was presented "possibly because of lack of experience on the part of attorney to frame such a motion"; and that because of counsel's inexperience and incompetence improper evidence was received.

The trial court found that all issues presented could be resolved from the record and, hence, no hearing was required. With all respect to the able and experienced trial judge and to his conclusions in a case tried before him, we cannot reach the same result on the record presented to us. While it may be that the inexpertly drafted charges are but the figment of the appellant's imagination, it cannot be said as a matter of law that they are so frivolous that they may "be brushed aside without a hearing." [1] It is not the function of a § 2255 proceeding to review errors and mistakes of counsel, but the circumstances here presented, if true, raise questions as to whether the accused had either the effective assistance of counsel or a trial in any real sense.[2] Improbable as are the allegations, appellant had the right to support them by evidence.[3]

Reversed with directions to grant a hearing at which appellant may appear and testify.

---

1. Wheatley v. United States, supra, 198 F.2d at page 327.

2. Cf. Mitchell v. United States, supra, 259 F.2d at page 791.

3. Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14, 16.