W. C. DODD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18147.

United States Court of Appeals Ninth Circuit.

July 29, 1963.

William J. Adams, San Francisco, Cal., for appellant.

C. A. Muecke, U. S. Atty., and William J. Knudsen, Jr., Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and JAMES M. CARTER, District Judge.

JAMES M. CARTER, District Judge.

This appeal presents the recurring problem of a petition for relief under Title 28, Section 2255, United States Code, by a prisoner in federal custody appearing in pro. per., and the summary denial of relief by the district judge. We consider herein the contention that appellant's appointed attorney failed to file a notice of appeal, although requested to do so.

Appellant (petitioner below) was convicted on two counts of an indictment charging a violation of the Mann Act and sentenced on June 20, 1960, on each count to a term of five years in the custody of the Attorney General; the sentences to run concurrently.

Appellant in pro. per. tendered for filing a motion to vacate and set aside the sentence and judgment pursuant to Title 28, U. S. Code, Section 2255, a motion and application for a writ of habeas corpus ad testificandum, a motion and affidavit to proceed in forma pauperis, and a motion for the appointment of counsel. The documents were filed April 26, 1962.

On the same day a minute order was entered reciting: " * * * it appearing that the said motion and the files and records of this case conclusively show that the defendant is entitled to no relief, IT IS ORDERED that the motion of W. C. Dodd to vacate, set aside and hold for naught the sentence and judgment herein is denied." Within the statutory time a notice of appeal in pro. per. was filed by appellant. Counsel for appellant on appeal was appointed by this court.

The appellant in his papers below made a number of contentions. They are set

forth in the margin.[1] Counsel appointed for him on this appeal has selected as those worthy of argument in the appellate brief, the following:

(1) Failure of the district court to grant petitioner's motion for assistance of counsel in the trial court;

(2) Failure by district court to have the motion served on the United States, grant a prompt hearing, determine the issues, and make findings of fact and conclusions of law;

(3) Error by the district court in denying the motion without giving petitioner an opportunity to amend his pleadings to more specifically state the facts relied on;

(4) Error in not requiring the presence of petitioner at a hearing on the merits.

Appellant's attorney specifically relies on two contentions of appellant: (a) the denial of effective assistance of counsel [2] and (b) that perjured and coerced testimony was knowingly used by the government.[3]

Counsel for appellant argues that the language of the petitioner concerning "coerced" testimony was in substance an allegation of the knowing use of perjured testimony. The matters contained in the brief on appeal do not add to the allegations in the petition below. The case must turn upon the record as it stood in the trial court. Rivera v. United States, (9 Cir., May 28, 1963) 318 F.2d 606.

Many of the appellant's other contentions are "only bald legal conclusions with no supporting allegations." As to these contentions, the trial court had "the power to deny the motion on this ground * * *, although the better course might have been to direct petitioner to amend his motion * * *. But denial thus based" would not be "on the merits," paraphrasing and quoting from Sanders v. United States, (Apr. 29, 1963) 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148.

1. Appellant's pro. per. motion alleges:
  (1) "petitioner was denied the effective representation by court appointed counsel * * *;"
  (2) "inadequate defense and fraud in gross and manifest violation of his constitutional right;"
  (3) "counsel failed to investigate the complaint before or during the trial because no probable cause existed for his (petitioner's) arrest * * *;"
  (4) "counsel failed to investigate the fact that petitioner * * * did not commit the offense, because coercion entered the case before trial;"
  (5) "counsel failed to investigate the fact that the material witness had been put under duress by the said agents of the government;"
  (6) "counsel failed to investigate the fact that the government dismissed first indictment for each of probable (sic) and the second indictment was had on (sic) only after the material witness had in fact been put under duress;"
  (7) "counsel failed to move for a mistrial after the judge had injected a prejudicial statement to the jury which was an improper standard of law;"
  (8) "counsel failed to file (sic) timely notice of appeal after being instructed to do so;"

  (9) "counsel failed to file for a bill of particulars * * * after being instructed to do so;"
  (10) "counsel failed to apply a proper standard of law to the facts of the case."
  In appellant's pro. per. argument other contentions are contained:
  (11) That the trial judge failed "in his duty to take the case from the jury when the evidence would not warrant a verdict by it;"
  (12) "that the conduct of the federal officers in his conviction here offends 'that sense of justice' * * *;"
  (13) "no probable cause existed for petitioner's arrest as a complaint was issued on unsworn statement * * *;"
  (14) "the record and testimony will substantiate in fact that the dominant purpose of the interstate movement was in fact for accommodation for family purposes and not for immoral purposes;"
  (15) "the record is replete with substantial unfairness to petitioner which constitutes in fact a denial of his constitutional guarantee."

2. Listing grounds (3) to (10) inclusive of the items shown in note 1 supra.

3. Relying on grounds (4), (5) and (6) of the items shown in note 1 supra.

The rule is clear that a 2255 proceeding is not a substitute for an appeal; that a sentence may not be collaterally attacked for errors of law at the trial which could have been corrected on appeal, Black v. United States, (9 Cir., 1959) 269 F.2d 38, 41–42, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357, and cases cited therein. Various of appellant's contentions come within this rule.[4]

## LACK OF EFFECTIVE ASSISTANCE OF COUNSEL

Many of the grounds often asserted to sustain lack of effective assistance of counsel do not justify a hearing or entitle a petitioner to relief. Of such character are contentions as to the "competence of counsel." See Kennedy v. United States, (5 Cir., 1958) 259 F.2d 883, 886, cert. den. 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982; the "quality of a defense" or matters of "counsel's judgment," Mitchell v. United States, (supra 259 F.2d at 794); "general statements expressing dissatisfaction with trial results," Frand v. United States, (10 Cir., 1961) 289 F.2d 693, 694; or "a matter of trial strategy," McDonald v. United States, (9 Cir., 1960) 282 F.2d 737, 740, 741.

To justify the vacation of a criminal judgment it seems clear that the showing at the hearing must be that the "attorney's conduct was so incompetent that it made the trial a farce," Black v. United States, (9 Cir., 1959) 269 F.2d 38, 42; cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357; Latimer v. Cranor, (9 Cir., 1954) 214 F.2d 926; (habeas corpus); Mitchell v. United States, (supra). Washington v. United States, (9 Cir., 1962) 297 F.2d 342; cert. den. 370 U.S. 949, 82 S.Ct. 1597, 8 L.Ed.2d 815, requires a showing that the trial

was a "farce and mockery of justice, shocking to the conscience of the court." (297 P.2d p. 344); to the same effect Stanley v. United States, (9 Cir., 1957) 239 F.2d 765.[5]

Kennedy v. United States, (5 Cir., 1958) 259 F.2d 883; cert. den. 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, requires a showing of

> "misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests * * *" (259 F.2d p. 886).

But in the case at bar one of appellant's contentions is that his attorney failed to file a timely notice of appeal after being instructed to do so. Failure or refusal of counsel to file notice of appeal has been a frequent contention of petitioners in Section 2255 proceedings. In a recent case, Rivera v. United States, (9 Cir., May 28, 1963) 318 F.2d 606 (footnote 4) we did not reach the problem since it was raised for the first time in the briefs on appeal.

We think Fay v. Noia, (1963) 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 and Rule 37, Rules of Criminal Procedure, have an impact on this problem, but before discussing their effect we review briefly the current case law.

We summarize the cases in the margin.[6] They demonstrate generally the following principles:

(1) failure to appeal may not be excused by a mere showing of *neglect* of counsel;

(2) relief will be denied where there was a knowing or calculated decision not to appeal;

(3) in any event there would have to be the additional showing of "plain re-

---

4. See 7, 11, 14 and 15 of the items listed in note 1.

5. Apparently the rule in the Tenth Circuit is broader. In Frand v. United States, (1961) 289 F.2d 693, the court states, "When motions on this ground (incompetency of counsel) have been denied without hearing in situations involving mo-

tions which raised a factual issue, we have reversed and ordered a hearing" (citing cases) (289 F.2d p. 694).

6. The Supreme Court in Sunal v. Large, (1947) 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; in a case arising on habeas corpus prior to the adoption of Section 2255, held that where the petitioner made

versible error at the trial" in order for relief to be granted.

Rule 37, Rules of Criminal Procedure, is pertinent to our problem. The filing of a notice of appeal within ten days after entry of judgment or order appealed from is ordinarily a jurisdictional prerequisite to review. Rule 37(a) (2) of the Federal Rules of Criminal Procedure provides that where after trial the court

a knowing decision not to appeal, relief would not be granted. The court stated, (332 U.S. p. 182, 67 S.Ct. p. 1593, 91 L. Ed. 1982) :

"If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by habeas corpus, litigation in these criminal cases will be interminable."

In Dennis v. United States, (4 Cir., 1949) 177 F.2d 195, petitioner claimed that his counsel did not take an appeal for him as instructed. The court said :

" * * * aside from the fact that it appears that counsel advised him that he had no ground for appeal and received no further instructions, failure to appeal may not be excused upon a mere showing of neglect of counsel. The motion was properly denied."

United States v. Cornett, (D.C.W.D. Ky.1956) 142 F.Supp. 764, (affirmed 7 Cir., 1957, 245 F.2d 118) holds that where petitioner accepted the judgment of conviction and did not appeal he is not entitled to relief under Section 2255, relying on Sunal v. Large, (supra).

In Mitchell v. United States, (1958), 103 U.S.App.D.C. 97, 254 F.2d 954, defendant alleged his trial counsel refused to appeal because defendant could not pay him a fee. "But such a refusal, in the circumstances of this case, is not a ground for vacating the sentence.

"It has been said that 'failure to appeal may not be excused upon a mere showing of neglect of counsel.' Dennis v. United States, 4 Cir., 177 F.2d 195. Perhaps that statement is too broad. We need not now decide whether failure to appeal would be a denial of effective assistance, and would open a conviction to 'collateral attack' under § 2255, if there were plain reversible error in the trial. There was no such plain error in this trial."

United States v. Peabody, (D.C.W.D. Wash.1958) 173 F.Supp. 413, held that "if the failure to file appeal notice was due to neglect of Peabody's counsel, Peabody still is not entitled to the relief sought," citing Dennis, (supra) and Mitchell, (supra). The case holds further that in any event to secure relief on the ground that he was deprived of a right to appeal, "[a] showing must be made that there was 'plain reversible error in the trial,' " citing Mitchell, (supra).

In Watson v. United States, (1960), 108 U.S.App.D.C. 256, 281 F.2d 619, the record showed that defendant was advised by his attorney not to appeal and accordingly relief was denied under Section 2255.

Owsley v. Cunningham, (D.C.E.D.Va. 1961) 190 F.Supp. 608, was a writ of habeas corpus by a state prisoner. Petitioner alleges that this court appointed counsel was under a duty to appeal the conviction and that his attorney "led the petitioner to believe that a writ of error would be applied for."

The trial court denied relief stating, "This circuit has held, even with a federal prisoner where there is an absolute right to appeal, that the failure of an attorney to note and perfect an appeal affords no right to a hearing under 28 U.S.C.A. § 2255. Dennis v. United States, 4 Cir., 177 F.2d 195. No constitutional question is raised by the failure to perfect an appeal." (190 F.Supp. p. 611).

In United States v. Rader, (D.C.W.D. Ark.1961) 196 F.Supp. 841, petitioner claimed he was denied the right to appeal. The court denied relief quoting from United States v. Peabody, (D.C.W.D.Wash. 1958) 173 F.Supp. 413, which in turn relied upon Dennis, (supra).

In Lewis v. United States, (1961) 111 U.S.App.D.C. 13, 294 F.2d 209, 211, cert. den. 363 U.S. 949, 82 S.Ct. 390, 7 L. Ed.2d 344, there was a calculated decision by petitioner's attorneys not to appeal and accordingly relief was denied.

In Glouser v. United States, (8 Cir., 1961) 296 F.2d 853, cert. den. 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789, appellant sought to circumvent the rule that alleged errors in the admissibility of evidence could only be reviewed by direct appeal and not by collateral attack. Appellant did this by asserting that this court appointed attorney did not take an appeal and abandoned the case after trial because appellant was without funds.

The court did not decide the issue whether failure of counsel to appeal would open the conviction to collateral attack under Section 2255, if there was plain reversible error in the trial, for the reason that the post-trial proceedings demonstrated that appellant was aware of his right to appeal and that he did not expect his attorney to take an appeal.

imposes sentence on a defendant *not represented by counsel,* the defendant shall be advised of his right to appeal and if the defendant so requests the clerk shall prepare and forthwith file the notice of appeal on behalf of the defendant.[7]

The framers of Rule 37 undoubtedly believed that where the defendant *was represented by counsel* at the trial, the counsel would advise the defendant of his right to appeal and either prepare the notice for him or advise him that by filing a simple statement in writing stating in substance, "I appeal from the judgment and sentence," he could preserve his right to appellate review. Hence no provision appears in Rule 37 covering the situation where the defendant was represented by counsel at the trial.

We return to Fay v. Noia, (supra). The case involved habeas corpus in the federal court to attack a state conviction. Noia, the petitioner, was aware of his right to appeal but did not do so because he did not wish to saddle his family with expense. Noia's attorney testified that Noia was also motivated by fear of a death penalty on a retrial. An admittedly coerced confession was involved. It was contended that petitioner had not exhausted his state remedies since he had failed to appeal.

The Supreme Court held that only the state remedies *available at the time* the petitioner seeks federal relief need be exhausted; that under the facts of the case, when the federal proceeding was filed the petitioner had no existing right to appeal. However, "the federal habeas [corpus] judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." (372 U.S. p. 438, 83 S.Ct. p. 849, 9 L.Ed.2d 837).

" '[A]n intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard.

\* \* \* [T]he standard here put forth depends on the considered choice of the petitioner." (citing cases). "A choice made by counsel not participated in by the petitioner does not automatically bar relief." (372 U.S. p. 439, 83 S.Ct. p. 849, 9 L.Ed.2d 837).

Certainly Fay v. Noia, (supra) is not controlling in our case. It involved a state conviction and the myriad problems connected with habeas corpus in the federal court. It involved a coerced confession. We consider it only as an aid in determining what the position of the Supreme Court would be in a problem such as ours. Is the case of the federal prisoner who does not appeal different from that of the state prisoner? Certainly a defendant in a federal criminal proceeding may deliberately forfeit his federal remedy of appeal. Equally as certain is the proposition that the standard as to what constitutes this forfeiture should not be different or less for the defendant in a federal court, than a defendant in a state court.

There is logic to support a proposition that a failure of counsel to file notice of appeal will only justify relief under Section 2255, where there is also a showing of "plain reversible error in the trial," Mitchell v. United States, (supra), United States v. Peabody (supra) and Glouser v. United States (supra). (Note 6, supra).

But Fay v. Noia, (supra), speaks of the "considered choice of petitioner" not to appeal, and Sunal v. Large, (supra), denied relief where there was a knowing decision not to appeal. In our case we cannot tell from the files and records if there was a refusal by appointed counsel to file the notice of appeal (as alleged) or a considered choice of appellant not to appeal.

We think the sound administration of criminal justice in a case such as ours, requires that the district judge do three things,

---

**7.** The Notes of the Advisory Committee state the provision:
"introduces a new practice for the purpose of protecting a defendant not represented by counsel." Notes, following Rule 37, 18 U.S.C.A.

(1) Decide if petitioner should be returned for a hearing. Possibly a deposition of petitioner and his trial attorney may supply the needed information.

(2) Hold a hearing, make findings and determine if there was an "intentional relinquishment" of petitioner's "known right" to appeal, by a "considered choice" on his own part.

(3) If there was no intentional relinquishment of petitioner's right to appeal, then as a further part of the hearing, consider evidence, make findings and determine if petitioner suffered any prejudice in not securing a review by appeal of his trial, conviction and sentence.

We are led to this decision not only by Fay v. Noia, (supra), and by Rule 37, Fed. Rules of Criminal Procedure (what it states and what it appears to assume), but further by the reasoning that the ends of justice would not be served by denying relief as to certain of appellant's contentions on the ground that they should have been raised on appeal, and then brushing aside his contention that defense counsel ignored his instruction to file a notice of appeal.

## APPOINTMENT OF COUNSEL FOR PETITIONER IN TRIAL COURT

 Since the case is to be remanded, we assume that the trial judge will appoint counsel for the appellant for the hearing to be held. Dillon v. United States, (9 Cir., 1962) 307 F.2d 445, 448, holds that where a triable issue of fact is presented, in certain circumstances, it is an abuse of discretion not to appoint counsel for a petitioner.

## USE OF COERCED TESTIMONY

Appellant never alleged the use of perjured testimony. Possibly the inference exists that if coerced, the testimony was untruthful. Nor did appellant allege coerced testimony was *knowingly* used. Again the inference may exist that if coerced by the government attorneys, then the testimony was knowingly used.

We pass no opinion on this matter. We are confident the trial judge at the hearing will fully explore all contentions of the appellant, permit amendments to the petition if requested, take such testimony as is needed, make findings of fact and conclusions of law and render a decision which, if adverse to petitioner, will give finality to the criminal judgment; and if in petitioner's favor will afford proper relief.

## CONDUCT AT THE HEARING

Sanders v. United States, (Apr. 29, 1963) 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148, states that the trial judge "is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief" in order to avoid successive applications.[8]

The judgment is reversed and the case remanded for a hearing in the district court

---

8. See Cortez v. United States, (So.Dist. Calif. Apr. 24, 1963) 32 F.R.D. 393–408, for procedures to explore and adjudicate on the merits all possible grounds of attack on a criminal judgment in a Section 2255 proceeding.