Thomas JONES, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 63 C 324(3).

United States District Court
E. D. Missouri, E. D.

Oct. 24, 1963.

Appeal Dismissed Jan. 23, 1964.

See 326 F.2d 410.

Thomas Jones, pro se.

Richard D. FitzGibbon, U. S. Atty., John A. Newton, Asst U. S. Atty., St. Louis, Mo., for respondent.

REGAN, District Judge.

Petitioner filed the pending motion to vacate and set aside sentences in cases entitled "United States v. Thomas Jones", No. 57 CR 247, (selling and possession of narcotics), 57 CR 303 (contempt), and 57 CR 316 (attempted escape and interference with Federal officers in performance of official duties). Petitioner directs his motion toward the sentence upon the four counts in Case No. 57 CR 247 subsequent to the jury verdict of guilty on all four counts.

The grounds suggested in petitioner's motion, statement of facts, argument, and memorandum are as follows:

1: Defendant was not represented by counsel at arraignment before the Commissioner.

2: Defendant's arrest, detention and interrogation were illegal under Rule 5 (a) in that he was not brought before the Commissioner without unnecessary delay.

3: Defendant was not informed of the nature of the charges against him.

  (a) Defendant was not given a preliminary hearing.

  (b) The Court did not consider a letter written by defendant as a bill of particulars.

4: Defendant was deprived of effective counsel in that counsel did not acquire a bill of particulars.

5: Defendant was denied compulsory process to obtain witnesses.

6: The Court did not seek the truth:

  (a) The Court refused defendant's right to have witnesses appear in his favor.

  (b) The Court did not admit evidence beneficial to defendant.

The various grounds listed above are gleaned from the several pleadings and supporting memorandum filed and some are interrelated with each other in separate contentions. Not all are specifically advanced as grounds for the motion. Several are suggested in petitioner's argument. Some are apparently directed to the pretrial procedures and trial, alike, and some pertain and are directed only to the trial.

As to grounds numbered 1, 2 and 3a, all fail as adequate grounds for petitioner's motion. Due process does not require the representation of a defendant by counsel at arraignment before the Commissioner. Delay in taking the accused before a Commissioner is not grounds for collateral attack upon the conviction. Holt v. United States, 8 Cir., 303 F.2d 791, cert. denied 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132; Adkins v. United States, 8 Cir., 298 F.2d 842. The indictment by a grand jury, as in the situation here, removes any need for a preliminary hearing. Boone v. United States, 6 Cir., 280 F.2d 911; United States v. Universita, 192 F.Supp. 154. Furthermore, failure to hold a preliminary hearing is not ground for collateral attack upon a judgment of conviction.

Roddy v. United States, 10 Cir., 296 F.2d 9.

Petitioner filed a previous motion under Section 2255 in which he asserted the point set out in ground numbered 4 above, that his counsel appointed by the Court had been ineffective in that, among other things, he had not demanded a bill of particulars. That motion was determined on the merits and overruled by Judge Weber by an order filed August 26, 1958. In the memorandum filed with the order Judge Weber, who was a very capable, thorough and conscientious judge, concluded that Court-appointed counsel had adequately and ably represented petitioner in all respects. Judge Weber, having heard the case, ruled on the evidence and seen the presentation of counsel, was in a better position to judge the competence of the defense counsel. The interests of justice would not be served in rehearing the matter on the grounds asserted in that motion, and will not be reconsidered on this motion. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Petitioner in both his previous motion and in this motion admits that no bill of particulars was requested at the time of trial. Petitioner, however, in this motion suggests that a letter written by him and delivered to Judge Weber prior to the trial of the narcotics charges should have been considered by the Court as a bill of particulars. The record shows that the letter referred to is the one directed to "To Whom It May Concern" dated October 6, 1957, received by the United States Attorney and forwarded to Judge Weber on October 9, 1957. In the letter, petitioner requests appointment of counsel, insists upon his innocence, alleges some of the points raised here, i. e., that he has been deliberately charged with no evidence at all, that he was held four days before issuing the warrant and then pleads that for the sake of his children that an attorney be appointed for him in order that the case can be disposed of as soon as possible. An attorney was appointed and notified the following day. The letter in no way indicates that petitioner does not understand the nature of the charges against him. In fact, he indicates that he does understand, stating "I know my innocence on this charge or as far as that is concerned on any charge having to do with either concealing, possession, or sell's (sic) of narcotics especially to a Federal agent, or anybody else". The letter could not be reasonably interpreted as a request for further information. And, upon appointment of counsel, such a request was within counsel's judgment, which was previously determined to be competent.

Furthermore, the allowance of the bill of particulars, were it requested, is a matter within the discretion of the Court, and the method of attack for refusal of a bill of particulars is by appeal asserting abuse of discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. The indictment here was substantially the same as that in Bunn v. United States, 8 Cir., 260 F.2d 313 where the Court held that the denial of a bill of particulars was not an abuse of discretion. Even in the event of the abuse of discretion, the refusal would not be reversible error unless the defendant was surprised by the evidence at trial and thereby prejudiced by the inability to prepare a defense.

Petitioner states that his preparation had been based upon the information that one of the charged sales was at a different time than that stated in the testimony of the Government witness. At the close of the evidence on the last day of the trial, petitioner requested and was granted permission to make a statement in his own behalf to the jury. In that statement, petitioner told the jury that his counsel had in his possession medical records which would show that he was receiving medical treatment at the time of the alleged sale. After trial, at the time of petitioner's first motion for vacation of sentence, the Court—appointed counsel filed an affidavit which showed that he had investigated the medical records and did not introduce them for the reason that they failed to

establish the alibi; that his investigation disclosed that defendant was "not under medical care at the time of the alleged offense". The file and facts before this Court show that counsel had prepared for the defense of the charged sale at the time alleged by the Government witness but that the facts gathered upon direction of petitioner did not substantiate his alibi. Petitioner has not shown that he was surprised and prejudiced by the testimony adduced at the trial, but rather, by his own statements filed in this matter show that his alibi had been investigated by his counsel.

■ In any event, where, as here, there has been no request for a bill of particulars the practical effect is an attempt to attack the indictment for insufficiency. The indictment in the case sufficiently stated the charge so as to apprise the defendant of the nature thereof, and to make it possible to defend against it and to plead it in bar to future prosecution and is not subject to collateral attack by the pending motion. Long v. United States, 8 Cir., 296 F.2d 148.

Grounds numbered 5 and 6, above, were raised by petitioner in his prior motion as specific omissions of his counsel resulting in prejudice to him. In the pending motion, the charges are the same but are directed as prejudicial omissions of the Court. On the prior motion, the Court had before it the affidavit of appointed counsel which declared that counsel had discussed the case and defense with persons at the direction of the defendant and had investigated hospital records, that no alibi could be established by the designated persons and records, and that the introduction of the medical records would introduce matter tending to harm defendant's case. The testimony of witnesses and evidence which petitioner has reference to in the pending motion were not offered in evidence by counsel as a matter of judgment. Whether or not that judgment of counsel was competent and able was determined by Judge Weber on the prior motion and should not and will not be reconsidered here.

It might be added in regard to the alleged deprivation of compulsory process that the file discloses five subpoenas were issued on application of defendant and returns filed.

## CONCLUSION

The grounds advanced by petitioner do not constitute averments that the sentence was imposed in violation of law, or without jurisdiction or any other reason to subject the sentence to collateral attack, except such as were determined on the prior motion on the merits. In view of the foregoing, the files and records of this case conclusively show that petitioner is entitled to no relief. Therefore, it is ordered that the pending motion to set aside sentence be, and hereby is, overruled.