Martin Joseph JOYCE, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 6250.

United States Court of Appeals
First Circuit.

Feb. 13, 1964.

**532**

Martin Joseph Joyce, pro se, on motion for appointment of counsel.

W. Arthur Garrity, Jr., U. S. Atty., and Thomas P. O'Connor, Asst. U. S. Atty., on opposition to appellant's motion.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The matter immediately before us is a petition, supported by an affidavit of poverty, for appointment of counsel to prosecute an appeal from an order of the United States District Court for the District of Massachusetts denying a motion under Title 28 U.S.C. § 2255 to vacate, set aside or correct a sentence.

The petitioner and two others were charged in a one count indictment with theft from an interstate shipment of freight. Upon arraignment the petitioner's co-defendants appeared with counsel and pleaded not guilty. The petitioner, appearing without counsel, requested a continuance of four days to obtain counsel. His request was granted, and on the day fixed he appeared with his counsel and also pleaded not guilty. The three defendants were subsequently tried together by Judge Caffrey and a jury, were found guilty, and each was sentenced to imprisonment for five years. An appeal by the petitioner was dismissed by this court for lack of diligent prosecution.

The present motion under § 2255, with an application for leave to proceed *in forma pauperis* supported by an affidavit of poverty was filed by the petitioner *pro se* on August 12, 1963. In the motion he alleged in general terms that counsel for a co-defendant had acted as chief defense counsel at the trial and that this counsel, because of serious illness in his family, had been unable "to devote his unlimited [sic] attention" to the defense. Wherefore he asserted that in effect he had been denied his constitutional right to representation by counsel at his trial. In his affidavit of poverty he asked the court to provide him at public expense with copies of a transcript of the proceedings at his trial, the indictment and all docket entries "or an attorney."

The court below, by Judge Wyzanski, granted leave to proceed *in forma pauperis*, but denied all other relief without prejudice finding that neither the motion under § 2255 itself, nor the affidavit of poverty nor his own inspection of the docket indicated that any of the documents requested were relevant to Joyce's claim of inadequate representation by counsel. However, Judge Wyzanski gave Joyce leave to file a specific affidavit by himself, or by his counsel, or "by any affiant having personal knowledge" that Joyce's counsel was absent at any stage of the trial or had specifically revealed at any time during the trial his inability to devote appropriate attention to Joyce's defense. The court said that upon receipt of such an affidavit it would "further consider whether it is suitable to provide at public expense a copy of the indictment, the transcript, and docket entries."

Subsequently Joyce filed an affidavit in which he alleged that at a point in the trial after a "heated debate" between Mr. Sax, who appeared for a co-defendant but who Joyce alleged had acted as chief defense counsel, and the court, Mr. Sax announced to the court that his wife was undergoing major surgery that morning and that he was under grave mental strain and could not concentrate or properly defend the petitioner. Joyce also alleged in the affidavit that Mr. Sax's "integrity was being questioned" at the time in the public press. Wherefore Joyce said he firmly believed that Mr. Sax's attention was "inadvertently" distracted.

Upon receipt of the affidavit Judge Caffrey, who, as mentioned above, had presided at the trial, denied the motion. In doing so Judge Caffrey noted that Mr. Sax did not appear for Joyce but for a co-defendant, that at the outset of the trial at a bench conference Mr. Sax in response to a question by the prosecuting attorney "Who of defense counsel is going to act?" said: "We will all try our own cases," and that although on one occasion Mr. Sax had successfully challenged a prospective juror on behalf of Joyce, each defense counsel had indeed tried his own case. Furthermore Judge Caffrey noted that the transcript showed that on May 11, 1962, when Mr. Sax told the court that he was concerned about the fact that his wife was then undergoing surgery, the trial was "thereupon recessed * * * until Tuesday, May 15, at which time no indication was given by Mr. Sax or anyone else that he was not able to proceed with the trial in his normal fashion, which he then did."

 Joyce nowhere complains of the conduct of his own counsel. His complaint is directed at the conduct of counsel for a co-defendant who he asserts had acted as chief counsel at the trial. Joyce's assertion that the counsel of whose conduct he complains had acted as chief counsel is unfounded in fact as shown by the excerpt from the transcript quoted above and the statement of the judge who presided at the trial. Moreover, when counsel for the co-defendant notified the court of his mental distress over his wife's hospitalization for major surgery the court immediately recessed the trial for four days to allow counsel to regain his composure. Our separate examinations of the entire file in this case convinces us beyond a doubt that there is no substance whatever in Joyce's assertion of inadequate representation by counsel at his trial. His claim is frivolous.

Since we think it evident that conscientious counsel after diligent investigation would certainly ask leave to withdraw and his request be granted, see Ellis v. United States, 356 U.S. 674, 675, 78 S.

Ct. 974, 2 L.Ed.2d 1060 (1957), we see no reason to appoint counsel for Joyce, for to do so would only impose a needless burden upon counsel without the possibility of conferring any benefit upon Joyce.

Furthermore, we think that the questions on which decision of the cause depends are so unsubstantial as not to need further argument. Wherefore *sua sponte* we affirm the order of the court below under our Rule 25(3). See Edwards v. United States, 286 F.2d 704 (C.A. 9, 1961); Watson v. United States, 108 U.S.App.D.C. 256, 281 F.2d 619 (1960).

Judgment will be entered affirming the order of the District Court.