**Joshua Lee CALLAND, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14626.**

United States Court of Appeals Seventh Circuit.

Feb. 4, 1965.

Edwin A. Rothschild, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Fort Wayne, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

On October 30, 1962, petitioner, Joshua Lee Calland, filed his petition asserting a right to appeal his conviction and sentence of April 10, 1962, on a charge of violation of Title 18 U.S.C. § 1708 and § 495, on the ground that delay in appeal was caused, not by excusable neglect, but by fraud of counsel. On appeal from denial of his petition, this Court remanded the cause for hearing and determination of the issues. Calland v. U. S., 7 Cir., 1963, 323 F.2d 405.

Pursuant to our Mandate, the U.S. District Court in Fort Wayne, Indiana, held a hearing, at which petitioner was represented by able Court-appointed counsel, and after consideration of the evidence which presented several conflicts in testimony and which required choice among several possible inferences from the facts found, the District Judge concluded that petitioner was aware of the 10-day limit for filing notice of appeal. Nevertheless, the District Court found petitioner's wife had advised petitioner's trial counsel that the latter's services were no longer desired and that new counsel would be procured for petitioner. An issue of credibility was presented in this connection. The testimony of the attorney, and of his wife who was present when petitioner's wife visited the office, was evidently accepted by the District Judge in preference to the conflicting statement of petitioner that he did not know that his trial attorney's employment had been terminated. Petitioner did not elect to call his own wife, who was present in the courtroom, to testify at this hearing.

There were similar conflicts in testimony as to the understanding between petitioner and his second attorney as to whether a direct appeal of the conviction was to be sought or whether the attorney would, on receipt of retainer, accept employment as petitioner's counsel to seek a new trial on the basis of alleged perjured testimony at petitioner's trial. Petitioner was supposed to supply affidavits and procure information for this purpose.

On April 23, 1962, after the expiration of the 10-day period for filing notice of appeal, Mrs. Calland had paid $200 to this second attorney. Two days later, petitioner wrote the attorney setting out names and addresses of certain witnesses and adding that petitioner's brother would assist in locating them to obtain affidavits of perjury at the trial, saying "call my brother" to bring in certain witnesses "so you can get started" and "give you enough to get a new trial." He spoke of telling his brother to "get

things going that you are waiting for him."

On May 28, 1962, the attorney wrote petitioner that his brother had not yet produced the witnesses but that they were supposed to report in a few days "so that I may begin my motion * * *."

By October 24, 1962, the attorney was writing petitioner that he had waited in vain for these witnesses and that despite his own investigations he had "received no substantiation whatever to the allegations you set out."

The District Court in his Conclusions of Law referred to the conflict in testimony, noting that:

"If witnesses had lied during the trial this would be newly-discovered evidence and could be rectified under Rule 33 of the Federal Rules of Criminal Procedure; however, the filing of a notice of appeal would not remedy this charge as the appeal would relate to errors, if any, made in the record."

Under these circumstances, we cannot hold that it was error for the District Judge to find no fraud on the part of either of petitioner's two attorneys.

We cannot agree with petitioner that this case falls within the teaching of Dodd v. U. S., 9 Cir., 1963, 321 F.2d 240, where the Court distinguished between incompetence and fraud of counsel; nor do we see this as similar to the facts in Boruff v. U. S., 5 Cir., 1962, 310 F.2d 918. There the cause was remanded to determine whether there was an intentional relinquishment of a known right to appeal. On the facts as found by the District Judge, which are supported by the evidence heard on remand, petitioner knew of the 10-day limit and was aware of and approved what his counsel was trying to do for him.

Petitioner was represented by counsel of his choice. The attorney-client relationship was not vitiated by fraud. Kennedy v. U. S., 5 Cir., 1958, 259 F.2d 883, 886. There is no basis for allowing petitioner to assert a right to appeal at this

late date. Rule 37, Federal Rules of Criminal Procedure.

The decision of the District Court must be affirmed.

The petitioner has received diligent and devoted service from Mr. Edwin A. Rothschild of the Illinois bar, who has represented petitioner in this appeal on appointment of the Court. This Court is grateful for his efforts.

Affirmed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent.

If Calland's first attorney considered his services terminated he should have withdrawn of record; if the second attorney was substituted as Calland's attorney he should have entered his appearance.

But these formal requisites are not of the essence of the denial of Calland's right of appeal. Both of his attorneys admit discussing an appeal with him within the ten-day period. The first one testified that "I told him that I would seek to perfect an appeal for him if that is what he wanted," and that he talked to the district judge about Calland's interest in an appeal but "filed nothing." The second attorney testified that Calland told him "some of the witnesses had lied * * * and that he wanted to appeal"; that he stated he would start when paid; that he was paid shortly after the ten-day period had expired "as a retainer to investigate whether there was a possibility of filing an appeal, a motion for appeal"; that thereafter he had discussions with Calland's brother about affidavits "upon which to predicate an appeal"; that he knew when he talked to Calland that the ten-day period would expire in one or two days; that he did not tell Calland he could himself by letter to the judge protect his right to appeal; and that he knew then that Calland might have grounds to appeal but that if no notice of appeal were filed, the right of appeal would be lost whether or not there was a basis for a new trial.

Calland's letters to his second attorney in April and May 1962 referred to "new trial" and "appeal" interchangeably. In a letter to his first attorney in December 1962 he referred to a "direct appeal as is prescribed in title 28, U.S.C. §§ 1291 and 1294 * * *." In the letter Calland received from his second attorney on October 24, 1962, the attorney stated that he had waited "in vain" for information needed "on which to predicate an appeal" and that "the odds for the success of an appeal are extremely nil."

The majority correctly states that Calland knew of the ten-day limitation, but the record does not support its claim that he waived his right of appeal by knowing and approving of what his attorney was doing. He instructed his second attorney to file a timely notice of appeal and the latter failed to do so. If the attorney had in mind a motion for new trial to the exclusion of an appeal, or a condition that he would not file the notice of appeal until he was paid, he certainly failed to communicate these things to his client. Calland's conduct, under the circumstances, hardly amounts to "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). On the contrary, this was a case of the defendant's attorney ignoring his client's instruction to file a notice of appeal, within the rule of Dodd v. United States, 321 F.2d 240 (9th Cir. 1963).

My opinion is that the record discloses an overly technical disposition of Calland's fundamental right of appeal. It seems to me, that on the testimony of the two attorneys alone, the inference is unavoidable that a grave injustice has been done to Calland in violation of his right to effective counsel under the Sixth Amendment and his right of appeal under F.R. Cr.P. 37. So far as representation is concerned, he was probably less well off, being able to retain an attorney of his choice than if he had had no attorney. In the latter event, under Rule 37(a) (1), the

clerk would have had the duty to "prepare and file forthwith" the notice of appeal upon request. I think that Calland in the hearing upon remand proved the factual allegations of his petition, so that his motion of October 30, 1962 should be considered a timely notice of appeal.