Raymond J. FLEMING, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 6792.

United States Court of Appeals
First Circuit.

Submitted July 18, 1966.

Decided Aug. 30, 1966.

Raymond J. Fleming, pro se, on the motion.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT.

ALDRICH, Chief Judge.

Petitioner, Fleming, was convicted in 1964 of armed robbery and sentenced. At the time of sentencing his counsel suggested to the court that there should be a mental examination, but the court refused. Petitioner's subsequent appeal did not pursue this subject, but went to the merits. It was unsuccessful, Fleming v. United States, 1 Cir., 1964, 332 F.2d 23, and petitioner is now confined. In June 1966, he sought to attack the judgment by a collateral proceeding under 28 U.S.C. sec. 2255. The district court dismissed the proceeding on June 20 as "obviously without merit," and later refused to appoint counsel for appeal. On July 12 petitioner moved this court for leave to appeal *in forma pauperis*. He filed no actual notice of appeal, but we will construe his motion to include such. Leave to appeal *in forma pauperis* is allowed, and the case is ordered to be docketed.

The appeal, however, must be dismissed under local Rule 25(3), as clearly frivolous. In accordance with our practice, which is unconnected with the fact that this is an *in forma pauperis* proceeding, cf. Coppedge v. United States, 1962, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21, each member of the court has examined the entire record, including the transcript of the proceedings below, and finds no possible merit in the appeal.*

---

* At least where the facts are clear and the issue, and its resolution, obvious, we do not think that *Coppedge* requires the

Briefly, although counsel suggested a post-conviction mental examination, he offered no basis for requesting it, even of a hearsay character. Immediate and diligent inquiry by the court revealed nothing, except certain matters which tended to refute the suggestion. Nor does the trial transcript disclose any independent ground for suspecting the defendant's competency. The mere request of counsel for a mental examination, without more, does not require the court to accede. Cf. Navedo Santos v. United States, 1 Cir., 1962, 305 F.2d 372.

The present proceedings raise no new matter. We need not consider whether the issue, under such circumstances, survived the original appeal, in which it could equally have been raised. It is sufficient for present purposes to remark that no member of the court sees any possible ground for contending that the decision of the district court was incorrect.

Affirmed.

appointment of counsel in other than direct criminal appeals. Joyce v. United States, 1 Cir., 1964, 327 F.2d 531.