**John Isaac MOORE, Jr., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 66 C 302(1).**

United States District Court
E. D. Missouri, E. D.

Sept. 15, 1966.

John Isaac Moore, Jr., per se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

The petitioner, an ex-convict, was convicted on two counts by a jury and sentenced to three years imprisonment on April 22, 1966, for violation of 18 U.S. C.A. § 2312. This sentence was not appealed. The petitioner now moves this court for a new trial under 28 U.S.C.A. § 2255, but the motion will be treated as a motion to set aside the sentence under 28 U.S.C.A. § 2255. The grounds for the motion are:

(1) That the petitioner was refused a hearing by the U. S. Commissioner. If such hearing had been granted the petitioner contends that he would have been able to prove at the hearing and at the subsequent trial that the government's evidence was false.

(2) That the petitioner asked the Commissioner to appoint an attorney to act on his behalf, but the Commissioner refused the request.

(3) That after being held in jail for more than two months without an attorney.

(4) That the petitioner requested the court to be allowed to examine the evidence to be used against him, but the request was denied.

(5) That the petitioner requested the court to dismiss his court-appointed attorney, Gordian S. Benes, because the attorney refused to contact any of the witnesses who could testify on the petitioner's behalf, and the request was refused.

(6) That the petitioner expressed a desire to appeal his conviction to his court-appointed attorney Benes, but Benes persuaded the petitioner not to appeal because the time that he would have

to spend in jail during the pendency of the appeal would not apply to his sentence. It is also alleged that Mr. Benes failed to tell the petitioner that there was a possibility that he could be let out on bail pending an appeal.

 The petitioner's first ground for relief is not sufficient to sustain the granting of a motion under 28 U.S.C.A. § 2255. The record shows that the petitioner was first before the U. S. Commissioner on January 18, 1966, shortly after his arrest, at which time bond was set at $3,000.00 and the petitioner was informed of his right to counsel. The petitioner stated that he would employ his own counsel. Thereafter, the petitioner was before the U. S. Commissioner on five separate occasions, but at no time did he appear with his own counsel, and each time the matter was continued in order to permit the defendant to employ his own counsel. On the second such appearance the Commissioner apparently told the petitioner that he would have to employ his own counsel as the Commissioner was of the opinion that the petitioner was possessed of sufficient means to do so. Prior to the petitioner's final appearance before the Commissioner for commitment, the grand jury on February 23, 1966, returned an indictment against him. The Commissioner then terminated the proceedings and held no preliminary hearing. The indictment by the grand jury removed any need for the preliminary hearing. Jones v. United States, 223 F.Supp. 454 (D.C.Mo.), app. dismissed 326 F.2d 410 (C.A.8). The Commissioner was entitled to continue his proceedings because there was good cause, and the fact that the proceedings are continued does not bar the grand jury from returning a verdict in the meantime. If the grand jury finds an indictment, no purpose remains for a preliminary hearing. United States v. Gray, 87 F.Supp. 436 (D.C.D.C.)

 The petitioner's second ground for relief will not be granted because he makes no allegation that he was indigent and could not employ his own counsel to represent him before the U. S. Commissioner. Even assuming that the petitioner was indigent and could not employ his own counsel, the petitioner would still not be entitled to relief because no preliminary hearing at which counsel would have been needed to protect the petitioner's rights was ever held by the Commissioner. The setting of bail before the U. S. Commissioner is not a ground for vacation of the sentence where no further proceedings, except a statement by the Commissioner informing the petitioner of his rights, took place, and there were no pleas, statements or waivers by the petitioner. See Marcella v. United States, 344 F.2d 876 (C.A.9).

 The petitioner's third ground for relief simply states "after being held in jail for more than two months without an attorney." There is no allegation of a violation of the petitioner's rights and, therefore, the ground does not afford any right to relief. Furthermore, the record does not support the statement. Petitioner was arrested on January 18, 1966, and was immediately brought before a U. S. Commissioner who set bail at $3,000.00 and then continued the proceedings. The petitioner was brought before the court on February 28th after he was indicted on February 23rd, and the attorney, Gordian S. Benes, was appointed by the court to represent him. He was thereafter informally arraigned (formal arraignment being waived) on March 4, 1966. The time which the petitioner spent in jail preceding his indictment was due to the continuance of the proceedings before the U. S. Commissioner to permit the petitioner to obtain his own attorney.

 The petitioner's fourth ground for relief is without merit. The record shows that the petitioner, without the aid of his court-appointed attorney Benes, requested the production of a Ford truck from the government, but the request was denied by the court. At the time the request was made there was no allegation or showing that the government had said truck in its possession or even knew

where it was. In fact, the petitioner's motion indicated that the government did not know where the truck was. Rule 16 of the Federal Rules of Criminal Procedure provides for the inspection of objects which were in existence and in the custody of the defendant or other persons prior to the government's obtainment of them. United States v. Black, D.C., 6 F.R.D. 270. The government is surely not required to produce an object which it cannot find; the government had the burden of producing such objects at the trial if it was to make use of them as evidence.

■ The petitioner's fifth ground for relief is not supported by the record. The petitioner was not allowed to have his court-appointed attorney Benes dismissed because a defendant is not allowed to choose his own court-appointed attorney. The record contains a partial transcript of the trial, and the transcript shows that Benes attempted to contact the witnesses which the petitioner gave him. Benes was unable to contact certain of the witnesses, but was given all the time he wanted before the trial started to talk to two of the witnesses the defendant sought who appeared in court as government witnesses and testified as government witnesses. Gordian S. Benes is an able attorney and vigorously defended the petitioner. In fact, the court received a letter from the petitioner dated April 14, 1966, in which the petitioner stated that Mr. Benes "did a good job representing me in the court room." There is no allegation that Benes at any time used improper judgment, and the petitioner's letter to the court after the trial indicates to the contrary.

■ The petitioner's sixth and final ground for relief cannot be granted because the record shows that the petitioner was represented by able counsel and was fully apprised of his right to appeal. Watson v. United States, 108 U.S.App. D.C. 256, 281 F.2d 619. Petitioner implies that he was duped into not appealing because he was not informed of his "option" to be let out on bail pending an appeal. The petitioner did not produce a bond from the time of his arrest on January 18, 1966, until the time of final sentencing on April 22, 1966; there is no reason to assume that he would have produced a bond during the pendency of an appeal.

For the foregoing reasons the petitioner's motion to vacate and set aside a sentence under 28 U.S.C.A. § 2255 is hereby overruled in all particulars.