67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis Joseph M. IVES, Defendant-Appellant.
 No. 94-35440.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1995.*
Decided Sept. 19, 1995.
 
 Before: WRIGHT, ALARCON and CANBY, Circuit Judges.
 MEMORANDUM**
 Louis J.M. Ives, a federal prisoner, appeals from the district court's dismissal of his seventh 28 U.S.C. Sec. 2255 petition. We have previously affirmed Ives's conviction for a murder committed on an Indian reservation. See United States v. Ives, 609 F.2d 930 (9th Cir.1979), cert. denied, 445 U.S. 919 (1980). Ives contends that the district court erred in dismissing his Sec. 2255 petition as successive. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. After a de novo review, we affirm. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994) (a district court's denial of a 28 U.S.C. Sec. 2255 motion is reviewed de novo).
 A 28 U.S.C. Sec. 2255 petition may be dismissed as successive if it presents the same ground previously adjudicated on its merits and "the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963); see also Rule 9(b), Rules Governing Sec. 2255 Proceedings, 28 U.S.C. foll. Sec. 2255. A petitioner bears the burden to show that the ends of justice would be served by relitigation of the claims previously decided against him. Sanders, 373 U.S. at 17. To meet this burden, the petitioner must make a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 455 (1986) (plurality opinion) (when evidence of petitioner's guilt " 'was very nearly overwhelming,' " ends of justice would not be served by consideration of successive petition).
 
 
 1
 Ives claims that he received ineffective assistance of counsel because his trial attorney failed to pursue a theory that Ives was so mentally incapacitated that he thought he had to kill the victim in self-defense. See Ives, 609 F.2d at 934. Ives concedes that this claim was presented in his prior 28 U.S.C. Sec. 2255 petitions and was determined adversely to him;[1] however, he appears to argue that the ends of justice require a reconsideration of the claim. In particular, Ives argues that the district court failed to hold an evidentiary hearing and appoint counsel for Ives who suffered from paranoid schizophrenia when the ineffective assistance of counsel claim was initially raised in Ives's Sec. 2255 petition. The argument is not persuasive.
 
 
 2
 First, the district court did not abuse its discretion in not holding an evidentiary hearing on Ives's Sec. 2255 petition. See Frazer, 18 F.3d at 781 (we review for abuse of discretion district court's failure to hold an evidentiary hearing under Sec. 2255); see also 28 U.S.C. Sec. 2255 (requiring district court to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). After reviewing the "voluminous file and transcript," the district court concluded that counsel was "not only competent but was also aggressive, diligent, and forceful." See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991) (no evidentiary hearing necessary when court had before it hearing transcript and documentary record); Dodd v. United States, 321 F.2d 240, 243 (9th Cir.1963) (contentions as to the competence of counsel, the quality of the defense, matters of counsel's judgment or a matter of trial strategy do not justify an evidentiary hearing under 28 U.S.C. Sec. 2255); cf. Frazer, 18 F.3d at 784 (evidentiary hearing required where petitioner's allegation that counsel verbally assaulted him was corroborated by evidence outside the record).
 
 
 3
 Second, the district court did not abuse its discretion in not appointing counsel for Ives because his ineffective assistance of counsel claim did not appear complex or likely to be successful. See 18 U.S.C. 3006A(a)(2)(B) (district court may appoint counsel in the "interests of justice" in Sec. 2255 action); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983) (per curiam) ("[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved").
 
 
 4
 Moreover, Ives fails to make a colorable showing of factual innocence, as the theory of self-defense was "merely an embellishment on the general theory of paranoid mental irresponsibility" and thus "would have added nothing to the analysis the jury had to make under the standard formulation of the test for criminal responsibility when mental defect or disease is asserted as a defense." Ives, 609 F.2d at 934; see Kuhlmann, 477 U.S. at 454 (successive federal habeas reviews should be granted only when the petitioner makes a colorable showing of factual innocence).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Government contends that Ives' ineffective assistance of counsel claim should be dismissed because "Ives' remedy was to appeal at that time the unfavorable ruling." The Supreme Court has instructed, however, that the strict rules of res judicata do not apply to habeas corpus proceedings. See Schlup v. Delo, 115 S.Ct. 851, 863 (1995). The Court also noted in Schlup that the equitable nature of habeas corpus also creates an exception to the bar of res judicata in Sec. 2255 matters. Id. (citing Sanders, 373 U.S. at 12-15)