[Crim. No. 7147.   Second Dist., Div. Three.   Dec. 8, 1960.]

THE PEOPLE, Respondent, v. WALTER FLORES KEYS, Appellant.

Edward I. Gritz for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial, Walter Flores Keys was convicted of two offenses of abortion committed upon Marcell Allen and a third offense of abortion committed upon Laurie N. Scott. Keys was sentenced to state prison and he appeals from the judgment and sentence. The only question on the appeal is whether there was sufficient independent evidence to corroborate the testimony of Mrs. Allen and Miss Scott. (Pen. Code, § 1108.)

The matter was submitted on the transcript of the preliminary hearing. No evidence was introduced on behalf of the defense.

Each of the two women testified that she changed into a white gown, lay upon a table with her legs upraised and gave similar descriptions of the instruments and methods used by Keys in committing the abortions. In Mrs. Allen's case the surgery was performed at appellant's office; in the case of Miss Scott, at his home. Mrs. Allen identified a photograph of appellant's office building which was taken by Bates, an investigating officer. Keys charged Mrs. Allen $200 for her abortion; he charged Miss Scott $150, of which she paid $50. Mrs. Allen was on the operating table for three hours during the first of appellant's two attempts to induce a miscarriage; Miss Scott's operation lasted from one and one-half to two hours. Both women were given pills. Each continued to suffer pain and discomfort despite subsequent treatment by Keys and were sent to the hospital. Both had been in good health prior to meeting appellant.

Upon the count charging the abortion of Miss Scott the People introduced the testimony of Alfred Shapiro. Shapiro drove Miss Scott to a street corner in Hollywood where, she testified, appellant met her, took her to his apartment and

committed an abortion upon her. Shapiro also accompanied her to Keys' office on a later visit; just before they left the building appellant told him to take Miss Scott to the hospital, which the witness did.

Evidence offered to corroborate the testimony of an aborted woman is sufficient if it tends to connect the accused with the commission of the crime in such a way as may reasonably satisfy the trier of fact that the corroboratee is telling the truth. It must be considered without the aid of the testimony which is to be corroborated, and is insufficient if it requires the interpretation and direction of such testimony in order to give it value. (*People* v. *MacEwing,* 45 Cal.2d 218 [288 P.2d 257].)

Shapiro's testimony was clearly inadequate as corroboration of the testimony of Miss Scott. It showed merely that she was Keys' patient without showing that the treatment she received was unlawful.

But the testimony of each of the aborted women was ample as corroboration of the other. The independent descriptions given by Mrs. Allen and Miss Scott of the same instruments, the same physical sensations and the same method of treatment, tended logically to show that appellant was guilty of committing the three offenses of abortion and to establish the credibility of both witnesses. (*People* v. *Gallardo,* 41 Cal. 2d 57 [257 P.2d 29] ; *People* v. *Davis,* 43 Cal.2d 661 [276 P.2d 801].) This is all that the law demands by way of corroboration.

The judgment (sentence) is affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied December 27, 1960.