Walter F. KEYS, A-64284, Petitioner,

v.

Walter DUNBAR, Director of Correction, State of California, Sacramento, California, et al., Respondents.

Civ. No. 63-1321.

United States District Court
S. D. California,
Central Division.

March 9, 1964.

Supplemental Opinion April 17, 1964.

Edward Grabousky in pro per.

### ORDER

And now, this 25th day of May, 1964, the petition for a writ of habeas corpus is dismissed without prejudice.

**704**

Walter F. Keys, in pro. per.

Stanley Mosk, Atty. Gen., for California, William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., by David M. Rothman, Deputy Atty. Gen., for respondents.

CARR, District Judge.

The petitioner has petitioned this court for a writ of habeas corpus and alleges that he is being unlawfully imprisoned in the California State Prison at California Men's Colony, Los Padres, East Facilities, by reason of his illegal conviction on three counts for violation of the California Penal Code, Section 274, supplying or administering abortifacient; that he appealed his conviction to the District Court of Appeal for the State of California, which affirmed the conviction as to each count; that he has filed various petitions for writs of mandate and writs of habeas corpus in the Superior Courts, District Court of Appeal, and the Supreme Court, of the State of California; that he petitioned the United States Supreme Court for a writ of certiorari, but said petition apparently related to a denial of his petition for a writ of mandate in the California courts; that petitioner now claims that he was inadequately represented by counsel during his trial and that the evidence was insufficient to support the judgment of conviction upon the three counts heretofore mentioned.

Although petitioner contends that he has exhausted the remedies available to him in the courts of the state, including all appellate remedies, it appears doubtful that he has done so in connection with his claim that the evidence was insufficient to support his conviction. At any rate, a review of the state court proceedings, including the transcript of testimony, copies of all his petitions, and the decision of the District Court of Appeal in his case (People v. Keys, 187 Cal.App.2d 246, 9 Cal.Rptr. 537), leaves doubt as to whether or not the question relating to the insufficiency of the evidence has been reviewed by the various state courts, and for that reason it is deemed appropriate to consider this question in the instant proceeding.

Petitioner also alleges that he was not adequately represented by his counsel at his trial in the Superior Court. It appears that petitioner's counsel submitted his case to the judge on the transcript of testimony taken at the preliminary hearing and petitioner was found guilty on each of the three counts, including the charge, in Count I, of having aborted one Marcell Allen on December 10, 1958; in Count II, of having aborted the same woman on January 17, 1959; in Count III, with having aborted one Laurie N. Scott on March 12, 1959. The transcript of testimony shows without doubt that petitioner performed the abortions in question; however, he contends that there was insufficient corroboration to support the conviction on each count. The District Court of Appeal readily disposed of this issue in holding that the testimony of each woman aborted tended to corroborate the testimony of the other and was, therefore, sufficient to uphold conviction.

This is an adjudication by an appellate court in the State of California

on an issue of law which, in the absence of a clear and concise showing that it is contrary to some constitutional prohibition, is binding upon this court.

■■ The petitioner's contention as to the inadequacy of representation by his trial counsel is based upon the claim that his counsel submitted the case on the preliminary transcript; that he did not call two witnesses in his behalf who would have established his innocence through proof of an alibi. Petitioner also contends that the trial counsel did not present certain records from a Las Vegas hotel showing that he was in Las Vegas on the date of March 12, 1959, the date of the offense charged in Count III. The record in this case includes an affidavit of the trial counsel, F. Fernandez Solis, which alleges that at no time did the petitioner ever advise that there was a police officer who could substantiate petitioner's alibi. The trial counsel also asserts in his affidavit that he did not attempt to establish the alleged alibi after discussing the case with petitioner and after determining that petitioner arrived in Las Vegas a 2:01 a. m., on March 12, 1959, and departed that city at 3:05 p. m., on March 13, 1959. Solis placed his decision as to the records on the ground that it was impossible to establish that petitioner had not flown back to Los Angeles during that day and then returned to Las Vegas.

As to the other witness, Joy Gangle, Solis also asserts in his affidavit that he was never advised by petitioner that there was a witness to rebut the testimony against petitioner in the case. Solis also asserts in his affidavit that he felt that a trial de novo would give the state a chance to "buttress the element of corroboration" and that the petitioner agreed with him that the case should be submitted on the transcript of the preliminary hearing and that petitioner should not take the witness stand. Although this affidavit has been forwarded to petitioner, it remains unrefuted.

Since the sentences on all three counts run concurrently, a valid conviction upon any one of the three counts will require that the petition for this writ be denied. It should be obvious to anyone experienced in the trial of a lawsuit that the petitioner has taken one course of action with the advice of his counsel and with his acquiescence and, having been unsuccessful, now is attempting to find means to upset his conviction. It is only necessary to read the judgment of the District Court of Appeal to realize that the issue of corroboration raised a close question and one on which any lawyer might well, with good judgment, pursue the wrong course. The record does not compel the conclusion that counsel was derelict in submitting petitioner's case on the preliminary transcript nor in not producing evidence respecting the alleged alibi. Had the alibi evidence been sufficient—and that is certainly questionable—it would have related to only one count, namely, Count III, and acquittal on that count would have left the conviction on Counts I and II standing.

These post-mortem hearings on the efficacy of a trial lawyer leave much to be desired. There are so many things for a trial lawyer to evaluate, many of which are never available in any record, that it is impossible for a court to determine the validity of the reasons for his judgment. In many instances, merely talking to a witness for a short time will disclose that the witness' attitude, demeanor, or manner is such that if called it might well cause the loss of the case. For example, a witness may have been convicted of several felonies or have been involved so closely with the defendant that a most cursory cross-examination would not only destroy the witness but injure the defendant's case. Furthermore, one or several interviews with the defendant himself may disclose to the trial counsel that, if the defendant were called as a witness, he would convict himself. These considerations cannot and do not appear in the records which come before these courts for consideration. There appears good reason for the rule that an attorney's conduct must be so incompetent as to make the trial a farce.

See Dodd v. United States (9 Cir., 1963), 321 F.2d 240, and the cases cited therein.

It is ordered that the petition for writ of habeas corpus is denied and it is further ordered that the clerk of the court serve a copy of this order by mail upon petitioner.

### Supplemental Opinion

On March 10, 1964, an order was entered in this cause denying petitioner's application for a writ of habeas corpus. Thereafter petitioner notified the court that the Attorney General of the State of California had not served upon petitioner the statement or declaration of F. Fernandez Solis, attorney. On March 30, 1964, an order was entered ordering the Attorney General of the State of California to serve petitioner with a copy of the statement or declaration of said Solis and allowing petitioner additional time to reply to the response of respondent and said statement or declaration of said Solis. Thereafter, on April 8, 1964, the petitioner filed his "Answer to Response."

Petitioner again asserts that he was represented by incompetent counsel and makes various and sundry other assertions having little or no relevancy to the issues raised by petitioner in his petition for a writ. Petitioner by his answer to the response has not raised any issue of fact to warrant this court in holding a hearing. As pointed out in the order of the court on March 10, 1964, the sentences on all three counts of petitioner's judgment of conviction run concurrently. Thus, a valid conviction upon any one of the three counts required that the petition for the writ be denied. A review of the record including the transcript of the trial clearly establishes that at least one of the counts was fully sustained by the evidence and fails to establish that the representation by counsel was such as to require a hearing on the petition for a writ.

Furthermore, it should be noted that many of the assertions made by petitioner are not only misleading and untrue but obviously frivolous. For example, petitioner alleges that Edward I. Gritz was never hired to represent him on his appeal; yet the clerk's transcript (p. 12) reveals that the petitioner was present in court at which time both Solis and Gritz were present and Gritz was substituted as counsel for petitioner in place of Solis. This occurred after the trial of the case and prior to sentence. In the appeal (People v. Keys, 187 Cal.App.2d 246), 9 Cal.Rptr. 537, Gritz' name appears for the appellant. It would, indeed, be a strange circumstance that a lawyer would be proceeding with an appeal without ever having been authorized to do so by the appellant—in this case the petitioner. Gritz was also present at the time of sentence.

Petitioner also alleges that both Solis and Gritz failed to visit him in the county jail; yet during the time that he was being represented by Solis he was on bail. Also, the record indicates that he was released on bail pending appeal.

The record before this court discloses that this is another one of the many frivolous petitions which have flooded these courts in recent months since the decisions in favor of Noia and Townsend (Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770). Petitioner has certainly had his "day in court," including a trip through all of the courts of the State of California and a petition for a writ of *certiorari* to the Supreme Court of the United States, which was denied. In addition, petitioner sought remedy by way of a writ of mandamus. It is interesting to note that he has apparently occupied a good portion of his time pursuing various and sundry remedies in the courts of both state and federal jurisdictions.

It is, therefore, ordered that the petition for writ of habeas corpus is denied and it is further ordered that the clerk of the court serve a copy of this memorandum opinion and order by mail upon petitioner.