COMMONWEALTH vs. HAROLD F. MATHEWS.  September 11, 1980.  The defendant appeals from his conviction of arson of a dwelling house (G. L. c. 266, § 1) and claims error in the denial of his motion to dismiss the indictment on the ground that the Commonwealth failed to produce a light fixture which would exculpate him, and in the denial of his motions for a directed verdict.  He also claims that he was denied due process because the prosecutor failed to keep a promise to dismiss the charges. We affirm.

1. The judge denied the motion to dismiss the indictment after the prosecutor asserted and offered to introduce evidence to prove that the fixture claimed to be exculpatory had been removed by a private investigator for the insurer of the premises and that the investigator had misplaced or discarded the fixture before the Commonwealth initiated its investigation.  Although the judge suggested to the defendant's counsel that he "delve into this problem a little bit" at trial, the defendant did not pursue the matter.

There was no error in the denial of the motion.  There is no evidence in the record that the light fixture had been in the possession or control of the prosecutor or of any governmental official or other person whose actions could be imputed to the Commonwealth. See *Commonwealth* v. *St. Germain*, 381 Mass. 256, 261 n.8 (1980).  Without such a showing, the argument that the Commonwealth suppressed evidence is without merit. *Commonwealth* v. *Gilday*, 367 Mass. 474, 487, 489 (1975). *Commonwealth* v. *Pisa*, 372 Mass. 590, 596-597 (1977).  See *Moore* v. *United*

*States,* 260 F.Supp. 315, 317-318 (E.D.Mo. 1966), affd. per curiam, 376 F.2d 32 (8th Cir. 1967); *United States* v. *Scharf,* 267 F.Supp. 19, 20 (S.D.N.Y. 1967). Cf. *United States* v. *Agurs,* 427 U.S. 97, 111 (1976). See also *People* v. *Yamin,* 45 Misc. 2d 407, 418 (N.Y.Sup.Ct. 1965); Fed.R.Crim.P. 16; Mass.R.Crim.P. 14, 378 Mass. 874 (1979) (not yet in effect at the time of trial); A.B.A. Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial, §§ 2.1(d), 2.4 (Approved Draft 1970) "The prosecution's mere failure to obtain conceivably exculpatory information from a potential witness does not constitute suppression of evidence, at least here where there is no allegation that the defendant was denied access to the witness." *Commonwealth* v. *Stone,* 366 Mass. 506, 511 (1974). See *State* v. *Reynolds,* 422 S.W.2d 278, 283 (Mo. 1967).

We also note that it is questionable whether the evidence would have been exculpatory or material. See *Commonwealth* v. *Pisa,* 372 Mass. at 595; *Commonwealth* v. *Wilson,* 381 Mass. 90, 107 (1980). Compare *Commonwealth* v. *Ellison,* 376 Mass. 1, 22 & n.9 (1978). The insurance investigator testified that the fire moved from the kitchen floor upward, that the floor over the fixture did not show any damage indicating excessive heat, and that the absence of such damage was inconsistent with the fixture's having been the cause of the fire. Even had the fixture been produced, the defendant "would still have been a long way from exculpation of the crime." *Commonwealth* v. *Lewinski,* 367 Mass. 889, 899 (1975).

2. Applying the standards set forth in *Commonwealth* v. *Latimore,* 378 Mass. 671, 678 (1979), we hold that there was sufficient evidence to submit the case to the jury. The evidence as viewed most favorably to the Commonwealth indicated that the defendant was delinquent in his taxes and was faced with an imminent foreclosure sale of his home pursuant to court order. On the night of the fire, the defendant left the house locked and took the keys with him. Firefighters had to break into the house and when they entered they found that the indicator lights of the electric stove were on. A fire accelerant (gasoline) had been placed on the kitchen floor where the damage was centered, and an expert testified that the fire had been caused by ignition of the accelerant and that the source of such ignition could have been the heating elements of the stove. The expert testified that in his opinion the fire had not been caused accidentally. "[T]he chain of circumstances permitted the jury to infer that the defendant 'wilfully and maliciously' set the fire." *Commonwealth* v. *Rhoades,* 379 Mass. 810, 817 (1980). The defendant's motions for a directed verdict were properly denied.

3. The defendant claims that he was denied due process because of an alleged promise made by the prosecutor to dismiss the charges if there was not "further evidence other than the report of a state trooper concerning items that caused him to believe that the fire could be of suspicious

origin." The short answer to this claim is that there was "further evidence," and there is thus nothing in the record to support his contention that the alleged promise was broken.

*Judgment affirmed.*

*Richard B. Michaud* for the defendant.
*William A. Schroeder,* Assistant District Attorney, for the Commonwealth.