DIGNA E. GARCÍA TRONCOSO, recurrente y peticionaria, *v.* ADMINISTRACIÓN DEL DERECHO AL TRABAJO, recurrida.

*Número:* O-78-360   *Resuelto:* 27 de noviembre de 1978

54

*Guillermo Mojica Maldonado* y *Héctor Luis Acevedo,* abogados de la peticionaria; *José Ramón Pérez Hernández,* abogado de la recurrida.

PER CURIAM: La recurrente pertenece al servicio de carrera de la Administración del Derecho al Trabajo. Desde marzo de 1975 ocupaba dentro de tal servicio un puesto de Técnico de Recursos Humanos en la Oficina Regional de la referida Administración en Ponce. Residía en Adjuntas. El 15 de julio de 1977 recibió la recurrente un memorando en que se le notificaba su traslado a la Oficina Regional de Guayama debido a una "restructuración operacional". En el memorando de traslado no se cumplió con el requisito reglamentario de apercibir a la recurrente de su derecho a apelar de la decisión tomada ante la Junta de Apelaciones del Sistema de Administración de Personal.

El 31 de marzo de 1978 la empleada apeló ante la mencionada Junta. La Junta desestimó la apelación por no haberse radicado a su juicio dentro del término especificado por ley. La recurrente recurrió entonces ante el Tribunal Superior, el cual confirmó la decisión de la Junta. En alzada ante nos la recurrente sostiene que se incurrió en error al resolver que su apelación ante la Junta se radicó fuera de término.

El 18 de octubre de 1978 dictamos orden de mostrar causa por la cual no debe revocarse la sentencia del Tribunal Superior. La Administración de Derecho al Trabajo ha compare-

cido en respuesta a nuestra orden, pero su memorando no nos convence.

Es cierto que el estatuto aplicable requiere que "La parte afectada . . . deberá presentar escrito de apelación ante la Junta dentro de treinta (30) días a partir de la notificación de la acción o decisión objeto de la apelación." Sec. 7.15(1) de la Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. sec. 1395(1) (Supl. 1978). Es igualmente cierto que la apelación se produjo siete meses después de expirar los treinta días siguientes al recibo de la supuesta "notificación".

El problema, no obstante, reside en la naturaleza de la notificación que se exige en este género de casos. El apartado (g) del inciso 3 de la sección 8.2 del Reglamento sobre Áreas Esenciales al Principio de Mérito establece:

"g. Al notificar a un empleado sobre la decisión de traslado deberá advertírsele sobre su derecho a apelar ante la Junta, dentro del término de treinta (30) días, si estima que se han violado sus derechos. La apelación no tendrá el efecto de detener la acción de la autoridad nominadora."

La Administración recurrida no cuestiona su incumplimiento con este requisito, pero insiste en que de todos modos la apelación tiene que producirse fatalmente a los treinta días de la notificación.

Es inaceptable la posición de la recurrida en todo su rigor. La recurrida debe observar estrictamente sus propios reglamentos. La notificación cursada fue defectuosa. El defecto no fue un mero defecto de forma. La exigencia de informarle a sus empleados sobre su derecho a apelar y el término para efectuar este trámite sirve un propósito sano. Es razonable apercibir a personas legas de los derechos que les asisten en circunstancias como las envueltas aquí. No puede quedar a la soberana voluntad de la agencia reconocer o no derechos de esta clase que ella misma les ha extendido

por reglamento a sus empleados. *Hernández García* v. *J.R.T.*, 94 D.P.R. 22, 29 (1967). La Sec. 7.15(1) de la ley antes citada debe interpretarse en el sentido de que el término para apelar no comienza a transcurrir indefectiblemente a partir de una notificación sustancialmente defectuosa.

■ A modo de analogía, en el campo de lo penal es doctrina bien establecida en la jurisdicción federal y en varios estados que el período para apelar no comienza hasta que al acusado que no está adecuadamente representado por abogado se le notifica de su derecho a apelar y a tener asistencia de abogado. Véanse, *e.g.*, *Boruff* v. *United States*, 310 F.2d 918 (5th Cir. 1962); *Hannigan* v. *United States*, 341 F.2d 587, 588 (10th Cir. 1965); *Bunn* v. *United States*, 369 F.2d 809 (5th Cir. 1966); *United States* v. *Smith*, 387 F.2d 268 (6th Cir. 1967); *Boyd* v. *State*, 282 A.2d 169, 172 (Me. 1971); *Lacaze* v. *United States*, 457 F.2d 1075 (5th Cir. 1972). Ante esta situación algunos tribunales han permitido la apelación fuera del término. *E.g.*, *Fallen* v. *United States*, 378 U.S. 139 (1964); *Kent* v. *United States*, 423 F.2d 1050 (5th Cir. 1970); *Atilus* v. *United States*, 406 F.2d 694 (5th Cir. 1969); *Boruff* v. *United States*, supra. Otros sólo han permitido un ataque colateral a la sentencia, para luego dejarla sin efecto y devolver el caso al tribunal sentenciador para que resentencie y comience a correr entonces un nuevo período para apelar. *E.g.*, *Dillane* v. *United States*, 350 F.2d 732, 733 (D.C. Cir. 1965); *Desmond* v. *United States*, 333 F.2d 378 (1st Cir. 1964).(¹)

---

(¹) La mayor parte de las decisiones federales citadas se produjeron bajo la anterior Regla 37(a)(2) de las de Procedimiento Criminal Federal, que requería que la notificación del derecho a apelar se hiciera a todo convicto que no estuviera asistido por un abogado. Posteriormente se incorporó a la Regla 32(a)(2) del mismo cuerpo el requisito de la notificación en cuestión a todo acusado que se haya declarado no culpable y haya sido juzgado, independientemente de si éste ha estado asistido de abogado. Véase *Rodríguez* v. *United States*, 395 U.S. 327, 331 (1969).

■ En lo civil existe jurisprudencia que ha reconocido excepciones a la regla que establece que el transcurso del término apelativo es fatal. En el caso más conocido de estos, *Hill* v. *Hawes*, 320 U.S. 520 (1944), el Tribunal Supremo de Estados Unidos impartió su aprobación a una actuación de un Tribunal Federal de Distrito que tuvo el efecto de extender el término apelativo en un caso en que el secretario del tribunal había incumplido con la Regla 77(d) de las de Procedimiento Civil Federal, al olvidar notificar a las partes que la sentencia había sido dictada. Sostuvo el Tribunal a la pág. 523:

> "It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule."

Al mismo efecto véase *Commercial Credit Corporation* v. *United States*, 175 F.2d 905 (8th Cir. 1949). (²)

■ Ahora bien, tampoco puede un apelante potencial en situaciones como estas simplemente cruzarse de brazos. La

---

(²) En 1946 el citado caso *Hill* fue revocado legislativamente al enmendarse la Regla 77(d) para disponer que el término apelativo comienza desde el registro de la sentencia (*entry of judgment*) y no desde su notificación. El propósito que animó a *Hill*, sin embargo, influyó en la enmienda que se hizo a la Regla 73(a) para permitir dejar sin efecto una sentencia cuando la negligencia excusable de una parte le ha impedido conocer que se ha dictado sentencia, mas sólo si la moción a esos efectos se trae no más tarde de treinta días después de expirar el período apelativo. Esta disposición forma parte desde 1968 de las Reglas Federales de Procedimiento Apelativo, como su Regla 4(a). Bajo ella se ha llegado a sostener que constituye negligencia excusable la interpretación equivocada del derecho procesal apelativo hecha por un lego apelando por derecho propio, si bien se sostuvo que la mera ignorancia de la ley no es suficiente. *Bryant* v. *Elliott*, 467 F.2d 1109 (5th Cir. 1972).

apelación puede interponerse con tal tardanza que deba aplicarse el principio de incuria. El empleado conoce, después de todo, la acción tomada contra él. Es natural que si se siente agraviado inquiera sobre sus derechos. La existencia de incuria depende de los hechos de cada caso, los cuales deberán determinarse en primera instancia. En adición, la ausencia de cumplimiento estricto con el requisito reglamentario de notificación puede tornarse irrelevante si el empleado de alguna forma tuvo conocimiento de su derecho a apelar con margen suficiente para ejercitarlo oportunamente. En ningún momento la peticionaria recurrente ha alegado carencia de tal conocimiento real. Tampoco hizo determinación alguna al respecto el tribunal recurrido. Procede, por tanto, que devolvamos el caso al tribunal recurrido para que celebre una vista en la que se dilucide este aspecto de la controversia. *Cf. Hannigan* v. *United States*, 341 F.2d 587, 588 (10th Cir. 1965); *Calland* v. *United States*, 341 F.2d 44 (7th Cir. 1965).

Aun si se determinare que la peticionaria recurrente ignoraba sus derechos apelativos durante el período relevante, el Tribunal Superior deberá determinar si a la luz de las circunstancias específicas del caso, según surjan en la vista, la peticionaria recurrente incurrió en incuria.

*Se revoca en consecuencia la sentencia apelada y se devuelve el caso al Tribunal Superior para procedimientos ulteriores consistentes con este dictamen.*

El Juez Asociado Señor Martín concurre con el resultado.