# 97 DTA 107

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I REGION JUDICIAL DE SAN JUAN**

SANTOS TORRES LOPEZ
Apelante-Recurrente

v.

ADMINISTRACION DE CORRECCION
Apelada-Recurrida

Núm. KLAA-96-00105

San Juan, Puerto Rico, a 30 de abril de 1997

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Rivera Pérez

Rivera de Martínez, Juez Ponente

RECEIVED

AUG 0 7 1997

SERIALS DEPARTMENT
MARYLAND LAW SCHOOL LIBRARY

## TEXTO COMPLETO DE LA SENTENCIA

El recurrente, Santos Torres López, solicita que revisemos una resolución emitida el 27 de noviembre de 1995, ▆ por la Junta de Apelaciones del Sistema de Administración de Personal, en adelante, J.A.S.A.P., disponiendo NO HA LUGAR a una apelación interpuesta como resultado de la determinación de la Administración de Corrección del Estado Libre Asociado de Puerto Rico, de no cualificarlo para una plaza de Oficial de Corrección, por haber sido negativo el examen confidencial a base de entrevistas en la comunidad.

Se plantea la legalidad de denegarle una solicitud de trabajo a una persona que solicita un empleo en una agencia gubernamental, como resultado de información negativa obtenida a través de informes producto de una investigación confidencial hecha en la comunidad del solicitante. ▆

Al recurrente se le negó el acceso a los datos confidenciales obtenidos sobre su persona.

Expedimos el auto y revocamos la resolución recurrida. Se devuelve el caso al foro administrativo y ordenamos la celebración de vista dentro de unos parámetros precisos.
Veamos.

### I

El aquí recurrente solicitó, a principios del año 1995, una plaza de Oficial Correccional I en la Administración de Corrección del Estado Libre Asociado de Puerto Rico. Como parte del proceso de reclutamiento y selección para dicha posición, las disposiciones reglamentarias de la agencia requieren una investigación confidencial en la comunidad de los candidatos a ser reclutados sobre su carácter, reputación, hábitos y conducta general.

El 12 de abril de 1995, el recurrente fue informado por la Administración de Corrección que el resultado del examen en la comunidad le fue adverso.

El 18 de abril de 1995, el recurrente solicitó una reinvestigación de su caso a la agencia concernida y para ello puso a la disposición de la misma dos (2) cartas preparadas por vecinos que favorecían su nombramiento e hizo diversos planteamientos.

El 7 de agosto de 1995 la agencia se reafirmó en su determinación original. El 29 del mismo mes y año el recurrente apeló ante J.A.S.A.P. de esa determinación. Planteó que debía tener acceso al informe negativo que dio base a su rechazo.

El organismo apelativo solicitó y evaluó el informe confidencial del cual alegadamente surge que el recurrente ha hecho uso de sustancias controladas. Luego, resolvió declarar NO HA LUGAR la apelación mediante resolución que emitió el 27 de noviembre de 1995.

Determinó la referida Junta de Apelaciones, entre otras cosas, que la agencia no discriminó en la evaluación del apelante-recurrente ni la acción tomada fue arbitraria. En cuanto al acceso al informe, consideró J.A.S.A.P. que un procedimiento de vista administrativa no era necesario por tratarse de un informe confidencial. Basó su dictamen en los casos de *Soto v. Sec. de Justicia,* 112 D.P R 477 (1982) y *Santiago v. Bobb y El Mundo Inc.,* 117 D.P.R. 159 (1986), entre otros, disponiendo que el derecho a obtener información en manos del Gobierno, como parte del derecho a la libertad de expresión, aunque tiene una amplia dimensión, no es absoluto y el Estado puede limitarlo en algunas situaciones,

cuando exista un interés apremiante que lo justifique, como lo es el revelar información que pueda lesionar derechos de terceras personas y cuando sea información oficial.

Oportunamente, el apelante-recurrente solicitó reconsideración y J.A.S.A P. dispuso NO HA LUGAR el 27 de diciembre de 1995, mediante resolución que fue notificada el 29 de diciembre de 1995.

Inconforme, el 29 de enero de 1996 el recurrente presentó un recurso de revisión ante el Tribunal de Primera Instancia, Sala de San Juan. Luego, dicho recurso fue trasladado a este Tribunal, en cumplimiento del artículo 9.004 de la Ley 248, aprobada el 25 de diciembre de 1995. Se alega la comisión de los siguientes errores:

*"(1) Erró J.A.S.A P. al no conceder una vista pública con las garantías del debido proceso de ley donde el apelante recurrente pudiera presentar la prueba a su favor.*

*(2) Erró J.A.S.A.P. al no permitir al apelante-recurrente acceso al informe sobre reputación en su comunidad."*

El 29 de enero de 1997 compareció el Procurador General de Puerto Rico, en representación de la Administración de Corrección, oponiéndose a lo solicitado por el recurrente.

Teniendo el beneficio de la posición de ambas partes, estamos en posición de resolver. Estando íntimamente ligados los errores aducidos, serán analizados en conjunto.

## II

El artículo VII (A) del Reglamento de Oficiales de Custodia de la Administración de Corrección del Estado Libre Asociado de Puerto Rico, establece que los candidatos a ser considerados para nombramiento como oficiales de custodia deberán cumplir con ciertos requisitos establecidos para el puesto. Entre ellos, deberán *"aprobar una investigación practicada en la comunidad sobre su carácter, reputación, hábitos, conducta en general y otros detalles similares."*

Conforme a lo anterior, el día 6 de marzo de 1995 el recurrente firmó un documento para la Administración de Corrección, autorizando, libre y voluntariamente, a que la investigación y el expediente relacionados con su persona fuese uno absolutamente confidencial **para garantizar la protección de los informantes** y los documentos que pudiera contener dicho expediente. ■

Guarda armonía con la disposición reglamentaria a la cual hemos hecho referencia, la Sección 4.3 (13) de la Ley 5 aprobada el 14 de octubre de 1975, según enmendada, ■ conocida como: Ley de Personal del Servicio Público de Puerto Rico, la cual establece unos requisitos mínimos para el reclutamiento y selección de personas interesadas en la función pública, con el propósito de atraer los mejores recursos disponibles y rechazar aquellos candidatos que no sean idóneos.

Entre las áreas esenciales al principio de mérito, la Sección 4.1 de Ley de Personal reconoce el reclutamiento y la selección ■ y en virtud de la Sección 7.1 ■ se creó la Junta de Apelaciones del Sistema de Administración de Personal (JA.S.A.P.) cuyos poderes delegados son de naturaleza adjudicativa con facultades cuasi judiciales. *López Vives v. Policía de Puerto Rico,* 118 D.P.R. 219 (1987); *Díaz Marín v. Municipio de San Juan,* 117 D.P.R. 334 (1986); *Aulet Lebrón v. Depto. de Servicios Sociales,* ___ D.P.R. ___ (1991), **91 J.T.S. 73.**

De otra parte, el Reglamento Procesal de la Junta de Apelaciones del Sistema de Administración de Personal ■ le permite a dicha Junta, al recibir una apelación, señalar el caso para vista. Sobre este particular, la sección 1.8(a) del mencionado reglamento dispone:

*"(a) En aquellas instancias donde exista una controversia sobre **hechos esenciales,** la Junta ordenará la celebración de una vista pública con citación de las partes."* (Enfasis suplido).

En caso de que se celebre una vista, la sección 13.1 (a) y (b) del reglamento dispone el orden en que se presentará la prueba.

Bajo la definición expuesta en la sección 1.3 (a) de la Ley de Procedimiento Administrativo Uniforme, J.A.S.A.P. es una *"agencia"*, por lo que los procedimientos adjudicativos de la misma tienen que salvaguardar las garantías que la ley concede en caso de una adjudicación formal. Entre esas garantías están el derecho a presentar evidencia, a una adjudicación imparcial y a que la decisión sea basada en el expediente. Se ha sostenido que tales derechos constituyen el mínimo irreductible en el debido procedimiento administrativo, cuya exigencia central es que el procedimiento seguido por el Estado sea justo. *Baerga v. Fondo del Seguro del Estado,* opinión de 25 de enero de 1993, 132 D.P.R. ___ (1993), **93 J.T.S. 9;** *Ortiz Cruz v. Junta Hípica,* 101 D.P.R. 791 (1973); *López Vives v. Policía de Puerto Rico,* 118 D.P.R. 219 (1987); *Rivera Santiago v. Secretario de Hacienda,* 119 D.P.R. 265 (1987); *Henríquez v. Secretario de Educación,* 120 D.P.R. 194 (1987).

Por disposición expresa, el funcionario que presida la vista ofrecerá a todas las partes la extensión necesaria para una divulgación completa de todos los hechos y cuestiones en discusión, la oportunidad de responder, presentar evidencia y argumentar, conducir contrainterrogatorio y someter evidencia en refutación, salvo las excepciones dispuestas. Véase la sección 3.13 (b) de la Ley de Procedimiento Administrativo Uniforme. 

La sec. 7.14 de la Ley de Personal del Servicio Público, *supra,* le reconoce a un ciudadano el derecho de apelar a J.A.S.A.P., cuando alegue que una acción del gobierno interfiere con su derecho de entrar en el servicio público, en violación al principio de mérito. La jurisdicción de la Junta en estos casos está reconocida por ley, por lo que no es necesario que la misma sea recogida en el reglamento. 

El Reglamento Procesal de J.A.S.A.P. Número 3965, de 9 de agosto de 1989, recogía el derecho de apelación de un ciudadano, cuando éste alegaba que una acción o decisión que le afectaba impedía su derecho a entrar en el sistema de personal en violación al principio de mérito. El vigente Reglamento Número 5370, de 30 de enero de 1996, que derogó el anterior, no recoge tal derecho. Sin embargo, la primacía de la ley sobre un reglamento hace que esa omisión no tenga consecuencias en este caso.

J.A.S.A.P., a su vez, concede derecho a vista pública cuando exista una controversia sobre hechos esenciales. En dicha vista, cuando se trate de casos que no sean destitución, suspensión de empleo, reprimendas o nulidad de transacciones de personal, el apelante iniciará la presentación de evidencia y tendrá el peso de la prueba hasta la terminación de la vista. Por otro lado, la Ley de Procedimiento Administrativo Uniforme le concede a las partes en procedimientos adjudicativos el derecho de notificación de los reclamos en su contra, de presentar evidencia, a una adjudicación imparcial y a que la decisión sea basada en el expediente. El informe confidencial presumiblemente versa, entre otros, sobre hábitos y conducta, reputación, carácter y otros. Se trata, por tanto, de una cuestión de hechos, en la que es mandatoria la celebración de una vista. Su derecho a apelar ante J.A.S.A.P., y a que ésta le concediera una vista, son derechos conferidos por la ley y por el reglamento de la agencia. Una agencia administrativa viene obligada a observar estrictamente sus propios reglamentos, no quedando a su voluntad reconocer o no los derechos que ella misma ha extendido por reglamento. *García Troncoso v. Adm. del Derecho al Trabajo,* 108 D.P.R. 53 (1978).

De lo anterior, podemos concluir que el recurrente tenía derecho a una vista formal ante la agencia. No obstante, ello no conlleva el acceso total al informe de naturaleza confidencial en poder de ésta.

En el caso de *López Vives v. Policía,* se planteó la negativa de permitir el acceso a un cadete al informe confidencial que la policía utilizó para destituirlo como miembro de dicho cuerpo. El Honorable Tribunal Supremo de Puerto Rico revocó la decisión de J.A.S.A.P. y dispuso, entre otras cosas, lo siguiente: 

*"Por la naturaleza de los poderes delegados, requerimos que los tribunales administrativos a nivel apelativo adopten procedimientos que le permitan al apelante una oportunidad de ser oído para defenderse y presentar su caso en un proceso con las garantías adecuadas."*

Estableció dicho foro que debe garantizarse el derecho de la parte a presentar toda la prueba necesaria para sostener su reclamo y refutar oralmente o por escrito la evidencia sometida en su contra.

Sin embargo, lo anterior hay que verlo en armonía con la facultad que tiene el Estado para plantear los privilegios de confidencialidad contenidos en las reglas 31 y 32 ▪▪▪ de las de Evidencia, garantías observadas también en el caso reseñado.

Se aceptan en tales casos las Reglas de Evidencia en el ámbito administrativo porque su aplicación sirve para permitir al juzgador establecer el balance entre el interés del ciudadano de obtener la información y el del Estado de no divulgarla prematuramente. *López Vives v. Policía, supra.* Véase, además, *Santiago v. Bobb y El Mundo, supra.*

La determinación de confidencialidad debe hacerse mediante un análisis integral de todas las circunstancias que rodean la comunicación. Este análisis requiere que el balance de intereses se realice de forma estricta a favor del reclamante de la solicitud y en contra del privilegio reconocido en la Regla 31 de Evidencia. *Santiago v. Bobb y El Mundo, supra.* Para ello, el foro administrativo deberá examinar (1) la propia naturaleza y contenido del documento; (2) el efecto de la divulgación sobre los intereses del Estado; (3) cuál es la práctica de la agencia al recibir la información, quién tiene acceso a ella y qué usos generalmente tienen los documentos; y (4) hay que considerar las consecuencias de la divulgación sobre la vida privada y la seguridad de terceros. Finalmente, la determinación de confidencialidad debe ser confrontada con el interés público en la divulgación. *López Vives v. Policía, supra.*

En el presente caso debe considerarse, además, que el recurrente autorizó expresamente a que la investigación y su expediente fueran confidenciales para garantizar la protección de los informantes y los documentos obrantes en el expediente.

No obstante, de conformidad con el caso de *López Vives v. Policía, supra*, el Estado tiene que cumplir con los criterios de confidencialidad frente al derecho del recurrente de conocer la prueba para ofrecer su versión.

Es forzoso concluir, a tenor de las disposiciones legales y jurisprudenciales sobre la materia, que el recurrente tiene derecho a una vista, a presentar evidencia y a refutar la información contenida en el informe confidencial. Para ello debe tener un acceso limitado a dicho informe que le permita evaluar los hallazgos adecuadamente y refutar los mismos en el procedimiento adjudicativo.

**Lo anterior es sin menoscabo de que el organismo administrativo tome las medidas necesarias para que no sea revelada la identidad de los informantes. Aquellas partes del informe, si las hubiere, que pudieran revelar la identidad de alguno de los informantes no deberán ser divulgadas al recurrente ni a sus abogados con tal identidad.**

## III

Por los fundamentos anteriores, expedimos el auto y revocamos la resolución recurrida. J.A.S.A.P. deberá celebrar una vista en forma consistente con lo aquí expuesto en la cual la parte recurrente tendrá derecho a refutar el contenido del informe confidencial, **sin que sea revelada en ningún modo la identidad de los informantes.**

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 107**

1. Archivada en autos y notificada a las partes el 29 de noviembre de 1995.

2. En el caso Núm. KLRA-96-00274, *Carmen L. Cruz Mercado v. Policía de Puerto Rico*, Circuito Regional III de Arecibo y Utuado, Panel I, resolvimos un planteamiento análogo.

3. Anejo I, Escrito en Cumplimiento de Orden. Firmó, además, un documento titulado *"Hoja de Autorización para Realizar Investigación"*, autorizando a obtener información sobre su conducta, salud, hábitos y/o cualquier otra información,

incluyendo, entre otras cosas, trabajos anteriores y récord de la policía. Anejo II, *Id.*

**4.** 3 L.P.R.A. sección 1333.

**5.** 3 L.P.R.A. sección 1331

**6.** 3 L.P.R.A. sección 1381.

**7.** Reglamento Procesal de la Junta de Apelaciones del Sistema de Administración de Personal Número 5370, aprobado el 30 de enero de 1996, de conformidad con la sección 7.18 de la Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1398, y la sección 1.6 de la Ley Número 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A sec. 2105.

**8.** 3 L.P R A. sec. 2102 (a).

**9.** 3 L.P R A. sec. 2151.

**10.** 3 L.P.R.A. sec. 2163.

**11.** 3 L.P.R.A. sec. 1394 (2).

**12.** 3 L.P.R.A. sec. 2151.

**13.** Véase específicamente la pág. 230.

**14.** 32 L.P.R.A., Ap. IV.

*"Regla 31 - Privilegio sobre información oficial*

*(A) Según usada en esta regla, "información oficial" significa información adquirida en confidencia por un funcionario o empleado público en el desempeño de su deber que no ha sido oficialmente revelada ni está accesible al público hasta el momento que se invoca el privilegio.*

*(B) Un testigo tiene el privilegio de no divulgar una materia por razón de que constituye información oficial, no se admitirá evidencia sobre la misma si el tribunal concluye que la materia es información oficial y su divulgación está prohibida por ley, o que divulgar la información en la acción sería perjudicial a los intereses del gobierno del cual el testigo es funcionario o empleado.*

*Regla 32 - Privilegio en cuanto a identidad de informante*

*Una entidad pública tiene el privilegio de no revelar la identidad de una persona que ha suministrado información tendente a descubrir la violación de una ley del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América, si la información es dada en confidencia por el informante a un funcionario del orden público, a un representante de la agencia encargada de la administración o ejecución de la ley que se alega fue violada o a cualquier persona con el propósito de que la transmitiera a tal funcionario o representante. Evidencia sobre dicha identidad no será admisible a menos que el tribunal determine que la identidad de la persona que dio la información ya ha sido divulgada en alguna otra forma, o que la información sobre identidad es esencial para una justa decisión de la controversia, particularmente cuando es esencial a la defensa del acusado."*