Feliciano Acevedo, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 8 de marzo de 1999, la señora Minerva Y. Carrero Ojeda (Carrero) presentó apelación de la resolución dictada por la Oficina del Oficial Examinador de la Autoridad de Energía Eléctrica (A.E.E.) en el caso QG97-296. La misma desestima la querella presentada por Carrero, empleada de la agencia, bajo el fundamento de falta de jurisdicción y de que la reclamación no justifica la concesión de un remedio.
Por tratarse de una determinación administrativa, mediante resolución de 13 de abril de 1999, acogimos el mencionado recurso como una solicitud de revisión y ordenamos su correspondiente reclasificación. Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22j.
Evaluadas las comparecencias de las partes, la resolución recurrida y demás documentos que obran en el expediente, a la luz del derecho aplicable, expedimos el auto solicitado para confirmar la resolución en disputa.
I
Los hechos y trámites procesales que dieron pie a la presente controversia son los siguientes. Carrero se desempeñaba como Auxiliar Gerencial I de la AJELE, a nivel de la región de Mayagüez. Mediante memorando de 30 de mayo de 1996, el Director Regional, señor Rubén Molina (Molina), notificó a ésta su designación como Coordinadora del Sistema de Calidad y Control de Pérdidas de dicha región. Según explicaba en la comunicación, dentro de las nuevas funciones de Carrero se encontraba mantener al día todos los planes de emergencia de la región y auditar regularmente los de los distritos técnicos.
El 10 de junio del mismo año, Carrero dirigió un memorando a Molina solicitándole una compensación económica adicional por la realización de las referidas funciones. El 20 de junio, Molina contestó y denegó la petición bajo el fundamento de que dichas tareas se encontraban contempladas dentro de la actual descripción de funciones correspondientes a Carrero como Auxiliar Gerencial I.
Mediante memorando de 2 de julio de 1996, Carrero acudió y replanteó los mismos argumentos ante el señor Ronald Hopgood, Director de Transmisión y Distribución. No habiendo recibido respuesta alguna de éste, la empleada se dirigió entonces, mediante misiva de 8 de agosto, al licenciado José Olivencia, Administrador de Relaciones Industriales.
*595 El 19 de septiembre de 1996, Olivencia contestó e instruyó a Carrero para que sometiera su petición ante los canales correspondientes, específicamente, y en primer lugar, al Departamento de Personal, encargado de la clasificación y retribución de los empleados. Asimismo advirtió a Carrero que de no estar conforme con la determinación alcanzada por dicho Departamento, debería apelar la misma siguiendo el Procedimiento de Querellas Para Empleados de Carrera No Unionados.
De esta manera, el 2 de abril de 1997, Carrero.enviá una comunicación a la señora Hilda Arroyo, Supervisora del Departamento de Clasificación y Retribución, solicitándole una evaluación de sus nuevas funciones y que se ordenara la compensación económica en cuestión. El caso fue atendido por la administradora del Departamento, señora Rosa Edmee Jiménez (Jiménez), quien señaló, mediante carta de 18 de junio de 1997, que no correspondía a dicha empleada compensación adicional, puesto que las nuevas funciones designadas se encontraban dentro de las administrativas, previamente asignadas a ésta.
Aunque inconforme, Carrero no acudió ante el primer nivel de revisión, según correspondía. En lugar de ello, se dirigió por escrito, el 1 de julio de 1997, a la señora Magaly Alverio, Administradora General de la División de Personal, quien refirió el caso nuevamente a Jiménez. Esta última se reafirmó en su denegatoria, el 18 de julio de 1997. Más de dos meses después, específicamente el 26 de septiembre de 1997, Carrero le sometió un escrito titulado “Querella por Designación de Funciones” al Administrador de la Oficina de Relaciones Industriales, licenciado José Olivencia. Fue entonces cuando le fue asignado el caso al Oficial Examinador, Ledo. José Feijóo.
Tras ordenarse la celebración de la conferencia con antelación a la vista administrativa, la A.E.E. sometió una Moción de Desestimación y/o Sentencia Sumaria, el 11 de diciembre de 1997. Habiendo sido decretada con lugar dicha moción, Carrero comparece ante este foro apelativo y alega, en síntesis, que erró el Oficial Examinador al haberle privado de su derecho al debido proceso de ley, no habiéndole ofrecido una vista donde pudiera pasar prueba y contrainterrogar testigos, conforme lo dispone la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. secs. 2151-2161, y el Procedimiento de Querellas Para Empleados de Carrera No Unionados de la Autoridad de Energía Eléctrica, revisado el 5 de mayo de 1994. No tiene razón en su planteamiento.
II
Pese a que la Ley de Personal del Servicio Público, Ley Núm. 5 del 14 de octubre de 1975, según enmendada, 3 L.P.R.A. sec. 1301, no es de aplicación a las instrumentalidades gubernamentales que funcionan como empresas o negocios privados -como es el caso de la A.E.E.- las mismas se encuentran obligadas a reglamentar los asuntos del personal no cubierto de forma tal que se proteja y garantice el principio de mérito como rector de todo lo relacionado a la administración de su personal gerencial. Zambrana v. González, 145 D.P.R. _ (1998), 98 J.T.S. 67, pág. 992.
A tono con ello, el 21 de julio de 1992, la A.E.E. aprobó el Reglamento del Personal de Empleados de Carrera No Unionados, el cual dispone al mismo tiempo que toda determinación que tome la Autoridad Nominadora que afecte a un empleado en cualquier área, excluyendo lo relacionado con el procedimiento disciplinario, se canalizará conforme al Procedimiento de Querellas de Empleados No Unionados, revisado el 5 de mayo de 1994.
Dicho procedimiento dispone expresamente lo siguiente:
“2. Niveles de Ajuste y Términos para Apelar

a. Primer Nivel: La querella se presenta en primera instancia ante el Jefe de la División, Director Regional 
*596
o Jefe Central del área concernida, según sea el caso, dentro de los diez (10) días laborables siguientes al hecho o a la decisión que motiva la queja. El Jefe de División, Director Regional o Jefe de Central del área concernida, según sea el caso, dispone de diez (10) días laborables a partir del momento en que se le presente la querella para contestar la misma. La querella presentada, deberá contener una relación de hechos clara y sucinta especificando las fechas pertinentes a ésta. Deberá, además, indicar la norma administrativa de donde surge el derecho reclamado. Se deberán acompañar copias de todos los documentos pertinentes.

b. Segundo Nivel: De no resolverse la querella a favor del empleado en el primer nivel, o de ésta no contestarse dentro del término indicado, ésta se presentará ante el Director del área concernida, dentro de los diez (10) días laborables siguientes a la contestación del primer nivel o a la fecha en que debió contestarse. El Director del área concernida dispone de quince (15) días laborables contados a partir de la fecha en que se le presenta la querella para contestarla.

c. Tercer Nivel: De no resolverse la querella en el Segundo Nivel o de no contestarse la misma dentro del término indicado, el empleado tendrá diez (10) días laborables para ir en alzada al Jefe de la División de Relaciones Industriales. El Jefe de la División de Relaciones Industriales, a su discreción, podrá dentro de los treinta (30) días laborables siguientes a la fecha en que reciba la querella asumir jurisdicción sobre la misma para fines de análisis y solución, o de Jo contrario, nombrará un Oficial Examinador para ventilar dicha querella.

Asimismo, se establece como parte del procedimiento:

“3. Si cualquiera dentro de los Niveles no emite una decisión dentro del término establecido, la petición se considerará denegada y la controversia se someterá al próximo nivel dentro del término fijado. ”

III
En el presente caso, resulta más que lógico pensar que para que el Oficial Examinador pudiera entrar a dilucidar en sus méritos la controversia y ofrecerle a la parte recurrente la oportunidad de pasar prueba y contrainterrogar testigos, dicha parte tenía que haber cumplido antes, a los fines de proveerle jurisdicción al mencionado foro administrativo, con el procedimiento de querellas y niveles diseñado inicialmente para ello. No obstante, no cumplió dicha parte con el mencionado método.
En primer lugar, véase que aun cuando desde un inicio Carrero recibió de Molina (Director Regional), una determinación denegándole su petición de compensación adicional, la empleada no sólo no acudió posteriormente a los canales adecuados, sino que cuando lo hizo fue totalmente a destiempo.
Como parte de su desorientación, el 8 de agosto de 1996, acudió prematuramente a Oliveras (Jefe de División de Relaciones Industriales) quien el 19 de septiembre de 1996, le contestó y aclaró que el Departamento destinado a evaluar sus funciones y la petición de compensación adicional era el de Personal, y que de serle adversa la decisión al respecto debería hacer uso del Procedimiento de Querellas Para Empleados de Carrera No Unionados.
No obstante, pese a esta recomendación, una vez Carrero acudió y recibió la denegatoria emitida el 18 de junio de 1997 por la Oficina de Clasificación y Retribución del Departamento de Personal, ésta obvió comparecer ante el primer y segundo nivel de apelación, para hacerlo directa y erróneamente ante el tercero, compuesto por el Jefe de Relaciones Industriales. Cabe también destacar que ello tuvo lugar el 30 de septiembre de 1997, dos meses después de producirse la determinación en controversia.
*597 Sabido es que una vez la agencia ha promulgado un reglamento, para facilitar su proceso decisional y limitar el alcance de su discreción, viene obligada a observarlo estrictamente y no puede dejar a su soberana voluntad reconocer o no lo que en éste se ha establecido y los derechos que ella misma ha extendido a sus empleados. García v. Cabán U.P.R., 120 D.P.R. 167, 175 (1987). Tan pronto como la agencia ejerce su discreción y adopta unas reglas de procedimiento, bajo las cuales desea que se hagan sus adjudicaciones, se rige a sí misma por tales reglas. García v. Administración Derecho al Trabajo, 108 D.P.R. 53, 56 y 57 (1978).
Al Carrero incumplir con el Procedimiento de Querellas establecido por la propia agencia, privó al Oficial Examinador de autoridad para entender en la controversia. Por los fundamentos que anteceden, expedimos el auto y confirmamos la resolución emitida por la Autoridad de Energía Eléctrica, el 8 de febrero de 1999.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General