CC-1999-77                                                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| IM WINNER, INC.<br>    Recurrente<br><br>    v.<br><br>Junta de Subastas del Gobierno<br>Municipal de Guayanilla y otros<br>    Recurridos | Certiorari<br><br>2000 TSPR 74 |

Número del Caso: CC-1999-0077

Fecha: 17/05/2000

Tribunal de Circuito de Apelaciones: Circuito Regional V

Juez Ponente: Hon. Negrón Soto

Abogados de la Parte Peticionaria:

                        Lcda. Glorimel Rivera Irizarry

Abogados de la Parte Recurrida:

                        Lcda. Carmen S. Curet Salim


Materia: Impugnación de Subasta

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

IM WINNER, INC.

    Demandante-Recurrente

       Vs.                         CC-1999-77        Certiorari

Junta de Subastas del
Gobierno Municipal de
Guayanilla y otros

    Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 17 de mayo de 2000.

Hoy nos toca resolver si la notificación de adjudicación de una subasta llevada a cabo por un municipio resulta ser defectuosa por no advertir: el derecho de una parte a procurar revisión judicial; el término disponible para así hacerlo y; la fecha del archivo en autos de copia de la notificación de la decisión. Por entender que tales omisiones hacen defectuosa la notificación, impidiendo que comience a decursar el término para instar la correspondiente acción de revisión judicial, revocamos.

**I.**

IM Winner, Inc. (en adelante, IM Winner) compareció como licitador a una subasta convocada

por la Junta de Subastas del Municipio de Guayanilla (en adelante, Junta de Subastas). En julio 28 de 1998 la Junta de Subastas adjudicó la misma a otro de los licitadores, cursando comunicación a estos efectos. Sin embargo, en la referida comunicación no se le apercibió a IM Winner de su derecho a solicitar revisión judicial sobre tal adjudicación, ni del término para llevar a cabo dicho trámite. Tampoco se indicó la fecha del archivo en autos de copia de la notificación de la adjudicación.[1]

---

[1] A continuación reproducimos, íntegramente, la notificación de la adjudicación de la subasta:

"28 de julio de 1998

IM Winner
Avenue Acacia D-22 Villa Flores
Ponce, Puerto Rico 00731

RE: Subasta #10-AE-1997-98; Construcción Centro Cuidado Diurno para Envejecientes.

Estimado señores: [sic]

Reciba un saludo cordial de parte del Hon. Alcalde y en el mío propio.

Sirva la presente para notificarle que la Hon. Junta de Subastas del Municipio de Guayanilla se reunió para decidir la Buena-Pro de la Subasta de referencia.

Luego de analizar las licitaciones presentadas la Hon. Junta de Subastas determinó que la mejor oferta fue de:

RAVARO CONSTRUCTION CORPORATION
P.O. BOX. 7679
PONCE, PUERTO RICO 00732

Sin otro particular quedo de usted a sus gratas ordenes.

Cordialmente,
Elmo A. Murillo Ortiz
Secretario Municipal"

Inconforme con dicha adjudicación, IM Winner instó recurso de revisión ante el Tribunal de Circuito de Apelaciones el 20 de agosto de 1998, veintitrés (23) días después de la adjudicación. El foro apelativo desestimó el recurso al concluir que el mismo fue presentado tardíamente. Para tal determinación dicho foro se basó en la sección 3.19 de la Ley Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. sec. 2169, conocida como la Ley de Procedimiento Administrativo Uniforme, la cual dispone que el término para impugnar una subasta es de diez (10) días.

En reconsideración, el Tribunal de Circuito afirmó que aunque el término para recurrir en alzada no haya comenzado a decursar, por ser la notificación defectuosa, era aplicable la doctrina de incuria, no procediendo la revisión en este caso.

De tal decisión recurre ante nos IM Winner alegando que erró el Tribunal de Circuito al determinar que se incurrió en incuria. Luego de acoger el recurso de certiorari presentado y examinar las comparecencias de las partes, procedemos a resolver.

## II.

La Ley Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. sec. 2101 *et seq.*, conocida como la Ley de Procedimiento Administrativo Uniforme (en adelante LPAU), excluyó de la definición de agencia a los gobiernos municipales, sus

entidades o corporaciones.[2] Véase, <u>Asoc. Res. Linda Gardens</u> <u>v. Mun. de Guaynabo</u>, res. el 12 de julio de 1995, 138 D.P.R.__ (1995); Demetrio Fernández Quiñones, <u>Derecho</u> <u>Administrativo y Ley de Procedimiento Administrativo</u> <u>Uniforme</u>, Ed. Forum (1993), pág. 571.

Sin embargo, a pesar de esta normativa, el Tribunal de Circuito aplicó la LPAU, *supra*, en el presente caso, concluyendo así que el recurso fue presentado pasado el término de diez (10) días que dispone la sección 3.19 de dicha ley.

Este curso decisorio pasa por alto la inaplicabilidad de LPAU, *supra*, a las entidades municipales. Igualmente, incide al ignorar que la revisión de adjudicaciones de la Junta de Subastas de cada municipio está regulada por el Artículo 15.002 de la Ley Núm. 81 del 30 de agosto de 1991, 21 L.P.R.A. sec. 4702, conocida como la Ley de Municipios Autónomos. El referido precepto dispone, en lo pertinente:

> El Tribunal de Circuito de Apelaciones revisará, con exclusividad, el acuerdo final o adjudicación de la Junta de Subasta. La solicitud de revisión se instará dentro del término jurisdiccional de veinte (20) días contados desde el archivo en autos de copia de la notificación del acuerdo final o adjudicación. 21 L.P.R.A. § 4702

Como podrá apreciarse, dicho articulado provee para la revisión judicial de las adjudicaciones de las Juntas de Subastas de cada municipio estableciendo para la misma un término de veinte (20) días.

---

[2] Sección 1.3 de LPAU, 3 L.P.R.A. sec. 2102.

Por ende, habiendo aclarado que el término aplicable para instar el recurso de revisión era el de veinte (20) días dispuesto en la Ley de Municipios Autónomos, *supra*, y no el de diez (10) días que dispone LPAU, *supra*, pasemos a considerar si dicho recurso se interpuso oportunamente.

**III.**

Como mencionamos anteriormente, el recurso de revisión ante el foro apelativo se radicó a los veintitrés (23) días de adjudicarse la subasta. Sin embargo, IM Winner arguye que el mismo se presentó oportunamente, no empece haberse radicado pasado el término correspondiente, por ser defectuosa la notificación cursada. Coincidimos con su conclusión.

Según adelantamos, el Artículo 15.002 de la Ley de Municipios Autónomos, *supra*, establece que los acuerdos finales o adjudicaciones de la Junta de Subasta de cada municipio serán revisables ante el Tribunal de Circuito mediante solicitud de revisión, la cual se instará dentro del término jurisdiccional de veinte (20) días contados desde el archivo en autos de copia de la notificación del acuerdo final o adjudicación.

Aunque el Artículo 11.006 de la referida ley establece el deber de notificar la adjudicación de una subasta, no se precisa cuál debe ser el contenido de dicha notificación.[3]

---

[3] El referido Artículo dispone, en lo pertinente:
   La Junta [de Subastas] entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento[.]...]

Por lo tanto, nos toca dilucidar si tal notificación es defectuosa por no advertir: el derecho de revisión judicial; el término disponible para así hacerlo y; la fecha del archivo en autos de copia de la notificación de la adjudicación. Veamos.

Reiteradamente hemos afirmado que el derecho a cuestionar una determinación mediante revisión judicial, al ser expresamente provisto por estatuto, pasa a formar parte del debido proceso de ley, resultando por tanto indispensable y crucial el que se notifique adecuadamente dicha determinación a todas las partes cobijadas por tal derecho. Véase, Colón Torres v. A.A.A., res. el 15 de mayo de 1997, 143 D.P.R.__ (1997); Asoc. Vecinos de Altamesa Este, Inc. v. Municipio de San Juan, res. el 12 de febrero de 1996, 140 D.P.R.__ (1996); Falcón Padilla v. Maldonado Quiros, res. el 31 de julio de 1995, 138 D.P.R.__ (1995); Arroyo Moret v. F.S.E., 113 D.P.R. 379 (1982); Berríos v. Comisión de Minería, 102 D.P.R. 228 (1974).

En pasadas ocasiones, al analizar las controversias específicas ante nuestra consideración, hemos resaltado la importancia de notificarle a una parte su derecho a procurar revisión judicial, el término disponible para así hacerlo y la fecha del archivo en autos de copia de la notificación de la adjudicación. Veamos.

---

Tal adjudicación de una subasta será notificada a todos los licitadores mediante correo certificado con acuse de recibo.[...] 21 L.P.R.A. sec. 4506.

En <u>Asoc. Vecinos de Altamesa Este, Inc. v. Municipio de San Juan</u>, *supra*, tuvimos la oportunidad de considerar el deber de un Municipio de notificar un dictamen relativo al control de acceso. En aquella ocasión, al analizar un estatuto que tampoco establecía cual debía ser el contenido de la notificación, indicamos que como parte de una <u>notificación adecuada</u> debía informarse a las partes su derecho a interponer el recurso de revisión, así como el término para hacerlo. Así, señalamos que sólo a partir del archivo de la notificación así requerida comenzaría a decursar el término para presentar revisión judicial ante el tribunal correspondiente. Véase, <u>Asoc. Vecinos de Altamesa Este, Inc. v. Municipio de San Juan</u>, *supra*.

Por su parte, en <u>Pérez Villanueva v. J.A.S.A.P.</u>, res. el 13 de diciembre de 1995, 139 D.P.R.__ (1995), discutimos lo relativo a la notificación que deben cursar todas las agencias, instrumentalidades o autoridades nominadoras del Estado Libre Asociado de Puerto Rico que se encuentren reguladas por Ley de Personal del Servicio Publico[4] en relación a los ciudadanos certificados como elegibles según el inciso 9(a) de la sección 4.3 de la referida ley. En aquella ocasión indicamos que en la notificación se debía advertir el derecho a interponer la correspondiente apelación, así como el término para llevar a cabo dicho trámite.

---

[4] Ley Núm. 5 del 14 de octubre de 1975, 3 L.P.R.A. sec. 1301 *et seq.*

La importancia de advertirle a una parte tales derechos ya había sido resaltada en cuanto a la notificación de sentencias desde hace más de cuatro (4) décadas. Así, en Rodríguez v. Tribunal Municipal, 74 D.P.R. 656, 664 (1953), citado en Natividad de Jesús Maldonado y otros v. Corporación Azucarera de Puerto Rico, res. el 29 de junio de 1998, 98 TSPR 84, señalamos:

> Cuando se trata de una sentencia, el secretario le notifica a las partes sobre la adjudicación final, su derecho a apelar, y la fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar.

Estos pronunciamientos encuentran su razón de ser en que:

> La correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. Falcón Padilla v. Maldonado Quirós, *supra*, citando al profesor Cuevas Segarra.[5]

En Colón Torres v. A.A.A., *supra*, volvimos a resaltar la importancia de advertirle a una parte su derecho a solicitar revisión judicial y el término para así hacerlo. En aquella ocasión analizamos la sección 3.14 de LPAU, *supra*, la cual recoge estos principios. La referida sección dispone, en lo pertinente:

> La orden o resolución que dicte una agencia administrativa advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes.

---

[5] J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., 1979, Vol. II, pág. 436.

Cumplido este requisito comenzarán a correr dichos términos. 3 L.P.R.A. sec. 2164.

A tales efectos, en aquella ocasión reiteramos el deber de notificar tales deberes al amparo del debido proceso de ley y con independencia de la propia legislación. Así, advertimos:

> [A] tenor con la disposición antes transcrita, y al amparo del debido proceso de ley, resulta ineludible concluir que cuando a la parte afectada no se le notifican tales derechos, ni el término para ejercerlos, no comienza a decursar el término para recurrir en alzada. [escolios omitidos; énfasis suplido]; Colón Torres v. A.A.A., supra.

En conclusión, considerando nuestros pasados pronunciamientos y las exigencias del debido proceso de ley, determinamos que para poder hacer efectivo el derecho de revisión judicial que consagra el Artículo 15.002 de la Ley de Municipios Autónomos, supra, en la notificación de la adjudicación de una subasta por parte de la correspondiente Junta de Subastas Municipal, es necesario que se advierta: el derecho a procurar revisión judicial; el término disponible para así hacerlo y; la fecha del archivo en autos de copia de la notificación de la adjudicación.[6] Sólo a partir de la notificación así

---

[6] Como se conoce, la naturaleza del debido proceso de ley es una eminentemente circunstancial y pragmática. Véase, Fac. C. Soc. Aplicadas, Inc. v. C.E.S., 133 D.P.R. 521, 542 (1993); Pueblo v. Andreu González, 105 D.P.R. 315, 320 (1976); Tesorero v. Trib. Contrib y B. Suárez, Inc., 74 D.P.R. 274, 284 (1953). Por lo tanto, no pretendemos elaborar una enumeración taxativa de las exigencias del debido proceso de ley. En el presente recurso sólo consideramos si la omisión de las referidas advertencias hace defectuosa la notificación aquí cursada.

requerida es que comenzará a decursar el término para acudir en revisión judicial.

No puede ser de otra manera. Habiéndose otorgado el derecho a revisar judicialmente la adjudicación de una subasta, el debido proceso de ley exige una notificación adecuada para ejercer efectivamente tal derecho. De lo contrario, sin contar con estas garantías procesales mínimas, el derecho a revisar la determinación de la correspondiente junta de subastas sería ineficaz. La falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la correspondiente subasta. Esto pues, no se podría cuestionar judicialmente lo que no se conoce.

Por lo tanto, habiendo resuelto que el término que tenía IM Winner para instar su recurso no comenzó a decursar, por ser la notificación defectuosa, sólo nos resta examinar si el foro apelativo actuó correctamente al determinar que se incurrió en incuria.

**IV.**

En pasadas ocasiones, hemos resuelto que si bien una notificación defectuosa impide que decurse el término para acudir en revisión, el término dentro del cual deberá interponerse el correspondiente recurso quedará sujeto a la doctrina de incuria. Véase, Colón Torres v. A.A.A., *supra*;

---

Sobre la exigencia de fundamentar la adjudicación de una subasta por una agencia administrativa, véase L.P.C.& D. Inc. v. Autoridad de Carreteras y Transportación, res. el 27 de diciembre de 1999, 99 TSPR 185.

Rivera v. Depto. de Servicios Sociales, 132 D.P.R. 240, 247 (1992); García v. Adm. del Derecho al Trabajo, 108 D.P.R. 53, 59 (1978).

No existe razón para que en el caso de autos nos apartemos de dicha norma. La dejadez negligente en el reclamo de un derecho puede tener consecuencias adversas para la otra parte. Así, podría causársele perjuicio a las demás partes en tanto el transcurso del tiempo puede dificultar sus respectivas contenciones.

Por ende, estando sujeto el término que tenía IM Winner para acudir en revisión a la doctrina de incuria, procede que discutamos su alcance.

Hemos definido la doctrina de incuria como dejadez o negligencia en el reclamo de un derecho, la cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad. Colón Torres v. A.A.A., *supra*; Aponte v. Srio de Hacienda, 125 D.P.R. 610, 618 (1990). Sobre el particular, en Pérez Villanueva v. Junta de Apelaciones del Sistema de Personal, *supra*, señalamos:

> [E]n dicha doctrina no basta el mero transcurso del tiempo para impedir el ejercicio de la causa de acción, sino que deben evaluarse otras circunstancias antes de decretar la desestimación del recurso instado. [Citas omitidas]. Circunstancias tales como la justificación, si alguna, de la demora incurrida, el perjuicio que ésta última acarrea, y el efecto sobre intereses privados o públicos involucrados. [Citas omitidas] Además, cada caso deberá ser examinado

a la luz de sus hechos y circunstancias particulares.

Un examen de los autos en el caso de marras demuestra que IM Winner ha actuado con diligencia en la impugnación de la subasta en cuestión. En primer lugar, instó su recurso apenas a los tres (3) días de vencido el término dispuesto para estos fines. Igualmente, al transcurrir más de un mes sin que se enviara un aviso de adjudicación, IM Winner cursó comunicaciones requiriendo que se adjudicara la subasta.

No existe evidencia que nos permita concluir que IM Winner haya sido negligente en la impugnación de la subasta. Todo lo contrario, se ha demostrado un deseo constante de revisar los méritos de la subasta en cuestión. Tampoco existe prueba que demuestre que la radicación del recurso a los tres (3) días de vencido el término haya causado perjuicio a la parte recurrida. Desde el diecisiete (17) de julio de 1998, una semana antes de que la subasta se adjudicara, IM Winner había manifestado su intención de impugnarla.

En cuanto a las razones que pudo haber tenido IM Winner para instar su recurso fuera del término correspondiente podemos destacar la falta de diligencia de los recurridos. Cabe resaltar que no fue hasta el 12 de noviembre de 1998, alrededor de cuatro (4) meses después de adjudicarse la subasta, que finalmente el Municipio de Guayanilla le

acreditó al foro apelativo la fecha del archivo en autos de copia de la notificación de la adjudicación.

En vista de lo anterior, procede que se revoque el dictamen del foro apelativo. Se devuelve el caso al Tribunal de Circuito de Apelaciones para que considere el recurso de epígrafe.

Se dictará la Sentencia correspondiente.


                              FEDERICO HERNÁNDEZ DENTON
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

IM WINNER, INC.

    Demandante-Recurrente

        Vs.                           CC-1999-77        Certiorari

Junta de Subastas del
Gobierno Municipal de
Guayanilla y otros

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 17 de mayo de 2000.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la Sentencia del Tribunal de Circuito de Apelaciones. Se devuelve el caso a dicho foro para que continúen los procedimientos conforme lo aquí resuelto.

        Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo