*588 VOTO DISIDENTE DEL
JUEZ DE APELACIONES HON. RAFAEL ORTIZ CARRION
- 2001 DTA 8
San Juan, Puerto Rico, a 8 de septiembre de 2000
Respetuosamente disiento de la decisión del Panel al negarse a expedir el auto de revision presentado por Walgreens en el caso del título.
Contrario a lo que concluye el Panel, considero que en su recurso, Walgreens of Puerto Rico, Inc. demuestra que el Departamento de Salud no consideró evidencia que reduce substancialmente el peso de aquélla en que se basó para decidir que el establecimiento de una farmacia en el Centro Comercial Reparto Metropolitano no es necesario ni conveniente.
En la resolución cuya revisión se solicita, no se ponderó evidencia indicativa de que como consecuencia de la privatización de los servicios de salud a los indigentes, la población residente y la población flotante del área del Centro Comercial Reparto Metropolitano incrementará substancialmente su demanda por servicios farmacéuticos privados. Véase, transcripción de la vista, Apéndice L, págs. 249 a 261. Tampoco se ponderó el hecho de que en el Centro Comercial Reparto Metropolitano actualmente no existe una farmacia operando, y que ese centro comercial está localizado en un área adyacente al Centro Medico, y el Centro Cardiovascular, por lo que en esa área de servicio existe una población flotante de personas en búsqueda de servicios de salud considerablemente alta. Ap. A, págs. 34-35, Ap. L págs. 252-253.
Por otra parte, la resolución cuya revisión se solicita, se basa substancialmente en un análisis de concentración de mercado efectuado de acuerdo al criterio establecido por el Hetfindahl-Hirshman Index . El uso del "Hetfindahl-Hirshman Index", como criterio específico para determinar el grado de concentración de mercado al evaluar una solicitud de certificado de necesidad y conveniencia, plantea un problema de legalidad. Aunque el Reglamento 89 de 20 de octubre de 1997 establece que al evaluar tales solicitudes deberá considerarse el nivel de competitividad y el nivel de concentración del mercado en el área de servicio de la facilidad propuesta, el Reglamento 89 no establece un criterio o fórmula específica para ello. El uso del "Hetfindahl-Hirshman Index", como un criterio específico para evaluar la necesidad y conveniencia de establecer una farmacia en un área particular, surge del Memorandum Circular 1997-1 del Departamento de Salud de 4 de diciembre de 1997. Sin embargo, la Secretaria de Salud no tiene autoridad para adoptar criterios complementarios mediante Carta Circular. Cuando una agencia promulga un reglamento está obligada a regirse por ese reglamento y no puede adoptar criterios específicos adicionales mediante una carta circular. García Troncoso v. Administración del Derecho al Trabajo, 108 D.P.R. 53 (1978). La adopción de criterios específicos adicionales constituye una enmienda al reglamento y para ello la agencia deberá cumplir con el procedimiento establecido por las secciones 2.1 a 2.13 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. See. 2121 a 2133.
Por los fundamentos expuestos, hubiese expedido el auto y devuelto el caso al Departamento de Salud para una reevaluación completa de la solicitud, consistente con lo aquí, expuesto.
Rafael Ortiz Camón
Juez de Apelaciones
ESCOLIO VOTO DISIDENTE DEL JUEZ DE APELACIONES HON. RAFAEL ORTIZ CARRION - 2001 DTA 8
1. Sobre el uso de este criterio para determinar el grado de concentración del mercado de servicios farmacéuticos en un área particular, refiérase a Alfredo González Martinez y Jose J. Alameda Lozada, Indice Herfindahl-Hirshman. Instrumento Potencial Para Medir el Ambiente de Competencia, Conferencias y Foros, Núm. 49, octubre de 1999, publicado por la Unidad Investigaciones Económicas, Departamento de Economía de la Universidad de Puerto Rico.